MARY A. HEATH v. C. P. HAGAN and THE AMERICAN BONDING COMPANY OF BALTIMORE, MARYLAND, Appellants.

False imprisonment: INSTRUCTIONS. It is not erroneous for the court in its charge to set out an entire section of the statute, although containing matter wholly irrelevant to the issue, and of which there is no pleading or proof.

Same. Where the defendant in justification of an action for false imprisonment pleads a violation of a statute and also of certain ordinances, an instruction omitting reference to a violation of the State law is not erroneous when taken in connection with another paragraph it clearly directs attention

to the statute, and the ordinances in evidence to which the jury's attention was directed clearly covered the offense.

**Breach of the peace:** ARREST: JUSTIFICATION. To justify an arrest or the use of force by a police officer on the ground of abusive language, the words used must amount to a breach of the peace.

**Same.** Although an instruction to the effect that a breach of the peace caused by the words and conduct of an officer will not justify an arrest for doing the things his conduct provoked is abstractly wrong, yet where the evidence shows there was in fact no breach of the peace it is harmless.

**Witness:** PROMPTING. On an inquiry as to prompting a witness while testifying, the material question is whether he was in fact prompted and not as to the particular suggestions.

*Appeal from Woodbury District Court.*— HON. WM. HUTCHINSON, Judge.

TUESDAY, OCTOBER 15, 1907.

SUIT to recover damages for false imprisonment. Verdict and judgment for the plaintiff, from which the defendants appeal.— *Affirmed.*

*Robinson & Lynch,* for appellant bonding company.

*Hallam & Stevenson,* for appellee.

SHERWIN, J.— The defendant Hagan was a police officer of Sioux City, and as such officer, he arrested the plaintiff and caused her incarceration in jail. The petition alleged that the arrest was made without authority of a warrant and while the plaintiff was peaceably and quietly attending to her own affairs, molesting no one, and creating no disturbance of any kind whatsoever. The answer is a general and specific denial, and, by way of justification, alleges that at the time of the arrest the plaintiff committed a breach of the peace of the city of Sioux City and violated the laws of the

1. FALSE IM-
PRISONMENT:
instructions.

State of Iowa by using loud, indecent, and abusive language
and making an indecent exposure of her person in public.
It is further alleged. in the answer that the plaintiff was at
said time engaged in disturbing a private family, in viola-
tion of the laws of the State and, of an ordinance of said
city.   The ordinances claimed to have been violated were
also specially pleaded.   In instructing on the crime of an
indecent exposure of the person, under section 4938 of the
Code, the trial court quoted the section in full.   Complaint
is made of this, because the only claim of the defense and
the only evidence was as to an exposure of the plaintiff's
person by permitting her dress to remain open " in front of
her waist."   There was no error in quoting the section in
full.   The fact that the section includes the crimes of lewd
and vicious cohabitation and open and gross lewdness could
not possibly have had any influence on the jury, for the
sufficient reason that nothing of the kind was charged, nor
was there any evidence tending to prove such action on the
part of the plaintiff.

In the seventh instruction, the jury was told to find for
the defendant if it found that at the time of the arrest the
plaintiff had committed a public offense, or was in the
act of so doing, in that she designedly made
a public and indecent exposure of her per-
son, or if it was found that she was engaged in the commis-
sion of any public offense in violation of any ordinance of
the city.   In so far as an indecent exposure of the person
was concerned, the instruction, read in connection with the
one heretofore referred to, clearly called the attention of.
the jury to the statute covering the crime, and the fact that
the rest of the instruction related solely to the violation of
the ordinances of the city could not have been prejudicial to
the appellants.   The ordinances relied upon as justification
for the arrest were in evidence, and the attention of the
jury was directed to them in the same instruction.   They
covered the offenses alleged to have been committed by the

2. SAME.

plaintiff as completely as could any statute, and, if the jury had found the facts as claimed by the appellants, there could have been no escape from the plea of justification. It was therefore unnecessary to fortify the defense by reference to the State law.

The jury was instructed that, if the defendant Hagan, by his words or conduct, provoked the " plaintiff to anger and caused her to talk in a loud and excited manner, and 3. BREACH OF that his words and acts were calculated so to THE PEACE: provoke her," so that she disturbed the peace arrest: jus-tification. and quiet of the people in the vicinity where they were, then he would not be justified in placing her under arrest for doing the things that his words and conduct calculated to provoke her to. The jury was told, further, that any names plaintiff may have called the appellant Hagan before and at the time of making the arrest would not of themselves justify him in making the arrest or in using force. Exception is taken to both of these instructions. Exemplary damages were not sought, and the last instruction referred to announces a well-settled rule. If the words used by the plaintiff did not amount to a breach of the peace, it is evident they could not justify an arrest. 12 Am. & Eng. Enc. of Law (2d Ed.) 727; *Grace v. Dempsey,* 75 Wis. 313 (43 N. W. 1128); *Goldsmith v. Joy,* 61 Vt. 488 (17 Atl. 1010, 4 L. R. A. 500, 15 Am. St. Rep., 923).

The other instruction immediately under consideration announces a rule which is abstractly wrong, but it was not prejudicial under the facts disclosed in the record. It can-not be said as matter of law that a person 4. SAME. may breach the peace with impunity simply because some officer whose duty it is to maintain such peace has also been guilty of wrong. The law forbidding breaches of the peace and disturbances of the public quiet are for the protection and well-being of society in general, and not for the benefit of some individual member thereof. 2 Am. & Eng. Enc. of Law (2d Ed.) 874; 4 Am. & Eng. Enc. of

Law (2d Ed.) 903; *Montgomery v. Sutton,* 58 Iowa, 700; *Montgomery v. Sutton,* 67 Iowa, 498.  But in this case the record conclusively shows that the plaintiff had committed no breach of the peace or other offense at the time the defendant threatened her with arrest.  Nor, indeed, can it be said that her language or acts prior to her arrest amounted to a breach of the peace or to a disturbance of any one. That she earnestly and with great excitement protested against the arrest, and vehemently insisted that she should not be taken to the police station, does not admit of doubt. But this was nothing more than any consciously innocent person would naturally do, and it cannot be made to justify an illegal arrest.  Hence we say that the instruction was not prejudicial to the defendants, and there should be no reversal on account thereof.  The instructions given by the court fairly and fully presented the defendant's case, and there was no error in refusing those asked by them.

There was no error in not requiring the witness Walrod to designate the particular questions put to the witness Jessie Wheeler, the answers to which were made in response to the nods and shakes of her sister's head. The material question was whether the witness was thus coached while on the stand.  The particular questions were wholly immaterial.

5. WITNESSES: prompting.

We find no error for which there should be a reversal, and the judgment is therefore *affirmed.*