No. 39673.—

THE CITY OF CHICAGO, Appellee, *vs.* DOROTHY PEREZ *et al.,* Appellants.

*Opinion filed May 20, 1970.*

WARD, J., took no part.

IRVING BIRNBAUM, of Chicago, (LEO K. WYKELL, of counsel,) for appellants.

RAYMOND F. SIMON, Corporation Counsel, of Chicago, (MARVIN E. ASPEN and JOHN J. GEORGE, Assistants Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court: Dorothy Perez, Sandra Hayden, David Wheeler and Richard Rothstein were each found guilty in a bench trial in the circuit court of Cook County of disorderly conduct under chapter 193—1 of the Municipal Code of Chicago. The court imposed a $200 fine against each defendant. Appeal of these convictions is directed to this court under Rule 302(a)(2).

There is no dispute as to the facts. Dorothy Perez, a welfare recipient, the other three defendants, who are students, and ten other sympathizers went to the Cook County Public Aid office at about 2:30 P.M. on June 22, 1965. The purpose of their visit was to meet with the supervisors of the welfare agency and discuss the reasons for the delay in sending Perez her last monthly payment. A meeting was held between Perez, Rothstein and various members of the supervisory staff of the welfare agency. Perez was informed that her check had been processed and that she would receive it in a few days. The defendants and the sympathizers then congregated in the auditorium of the building and refused to leave until they saw the rules and regulations of the agency which governed the claim of Perez. The supervisory personnel of the agency refused to disclose these rules and regulations.

The building in which the welfare agency offices are located closed at 4:00 P.M. About 5:00 P.M. the maintenance foreman of the building entered the auditorium and found the defendants and sympathizers seated there. He asked the group to leave and they again requested a copy of the rules and regulations. Sometime between 6:00 P.M. and 10:00 P.M. the ten sympathizers left the building. About 10:00 P.M. the maintenance man called the police. The four defendants who had remained in the building were arrested and charged with disorderly conduct.

The defendants argue that the ordinance is unconstitutionally vague; that their conduct is protected by the first

and fourteenth amendments of the Federal constitution; that there is a fatal variance between the sworn complaint and the evidence, and that the evidence did not establish an offense as defined by the ordinance.

The complaint charges that the defendants "Did make or aid in making an improper noise, riot, disturbance, breach of peace within the limits of the city." There is no evidence that any of the defendants or the sympathizers made any improper noise, riot, disturbance or breach of the peace. They conversed with each other, read, wrote and pitched bottle caps; but they did not disturb any of the normal activities of the welfare agency while it was open for business nor did they disturb the maintenance man after the building was closed.

The City takes the position, nevertheless, that the defendants are guilty of disorderly conduct because they remained in the building after it had been closed and they had been asked to leave. While this conduct may constitute a criminal trespass (see *People* v. *Goduto,* 21 Ill.2d 605) or some other offense, it does not, under the circumstances of this case, amount to disorderly conduct. The ordinance in question clearly prohibits only that conduct which tends to cause public disorder or to disturb the public peace and quiet. See *City of Chicago* v. *Murray,* 333 Ill. App. 233; *City of Chicago* v. *Hansen,* 337 Ill. App. 663; *People* v. *Ohneth,* 339 Ill. App. 247.

Since the "sit-in" did not cause any public disorder or breach of the public peace, the convictions cannot stand. The judgments of the circuit court of Cook County are accordingly reversed.

*Judgments reversed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.