THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* EUGENE HOPSON, Defendant-Appellant.

(No. 55113; ■■■■■■■■

First District—December 2, 1970.

Thomas Grippando, of Chicago, for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (Marvin E. Aspen, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

After a bench trial, defendant was convicted of violating a disorderly conduct ordinance of the City of Chicago * and was fined $100.00. On appeal defendant contends that the evidence is insufficient to sustain the judgment.

The following is the verbatim report of all testimony in this cause:

"OFFICER COOL

called as a witness in the above entitled cause, having been first duly sworn, was examined and testified as follows:

DIRECT EXAMINATION
BY
MR. SHERARD:

Q. State your name, officer.
A. Officer Cool.
Q. Officer, on March 12, 1970, the date stated in the complaint, about ten p.m. in the evening, or a.m., that is, what did you see this defendant do that caused you to arrest him?
A. Your Honor, on the date and time in question, we were on routine patrol at the school there, and they had numerous complaints about a man exposing himself to the kids, and I saw Eugene here standing around the building, so we called him to the car, and at the time he come out with a real dirty remark like 'What the so and so do you want?', and we said, 'We want to ask you a few questions.'
Q. Then what happened?
A. I asked his name and where he lived, and he said he didn't have to tell us anything, so we put him in the car, took him into the District.

---

* Chapter 193, Section 1 Sub-section (a) of the Municipal Code of Chicago reads as follows:
"* * * [K]nowingly [did] any act in such unreasonable manner as to provoke, make, or aid in making a breach of peace; * * *."

DEFENDANT: I was coming out my building walking, and they was driving up that way, and they stopped in front of me, made a motion to come to the car, so I did make a remark about them telling me that I had to—

THE COURT: You did make the remark the officer said you did?

DEFENDANT: No. I wouldn't do what they wanted myself. I was moving my limbs. He said 'Get in the car'. I said 'What for?' He wasn't saying anything, so I didn't say anything.

THE COURT: What did the officer say to you, exactly?

DEFENDANT: They asked my name and address. I said my address, 2731.

MR. SHERARD: Then what happened?

DEFENDANT: That's all that happened. They said, 'Take him in'.

THE COURT: Hereafter you should be more respectful to the police. They have a job to do.

DEFENDANT: I was respectful.

THE COURT: Evidently you were not. $100 and no costs."

We believe that the evidence was insufficient to establish defendant's guilt.

In *City of Chicago v. Perez*, 45 Ill.2d 258 at page 260, our Supreme Court in referring to the former disorderly conduct ordinance * of the City of Chicago said:

"The ordinance in question clearly prohibits only that conduct which tends to cause public disorder or to disturb the public peace and quiet. See *City of Chicago v. Murray*, 333 Ill.App. 233; *City of Chicago v. Hansen*, 337 Ill.App. 663; *People v. Ohneth*, 339 Ill.App. 247."

It is obvious that defendant was not placed under arrest at the time of his utterance, but after he declined to furnish his name and address, which strongly suggests that the officer did not perceive defendant's remark to have been an act done "in such unreasonable manner as to provoke, make or aid in making a breach of peace."

The judgment is reversed.

Judgment reversed.

ENGLISH and DRUCKER, JJ., concur.

---

* Chapter 193—1 of the Municipal Code of Chicago:
"All persons who shall make, aid, countenance, or assist in making any improper noise, riot, disturbance, breach of the peace, or diversion tending to a breach of the peace shall be deemed guilty of disorderly conduct * * *"