THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* NORRIS BLAKEMORE, Defendant-Appellant.

(No. 56972; ▮▮▮▮▮▮▮

First District (5th Division)—November 21, 1973.

John Elson, of Chicago, for appellant.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Richard F. Friedman, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

After a bench trial, defendant was found guilty of breaching the peace under section 193—1 of the Municipal Code of Chicago and fined $25. On appeal defendant contends he should not have been found guilty solely because of the use of coarse or insolent language to a police officer and, further, that the City did not meet its burden of proving that his conduct created an imminent threat of violence, within the meaning of the ordinance.

On August 9, 1971, defendant, while taking his passenger to the hospital, drove his car in the wrong direction on a one-way street. He was stopped by an officer who, after some discussion, proceeded to issue a summons for the aforementioned traffic violation. Defendant admits he was angered by the officer's conduct and called him "a pig". The officer claims, however, that defendant also used profanity and he testified that after being sworn at, he attempted to arrest defendant who then ran away from him. Subsequently, however, the officer testified defendant walked away. Defendant testified that he never "ran away" but merely walked to his car to talk to his passenger. In any event, whether defendant "walked" or "ran", the officer allegedly said "that's all right if you want to run, I'll tow the machine."

It appears that the arrest was effectuated without resort to chase since, even in the officer's testimony, the defendant walked back to him. In fact, the officer testified "the officer (addressing himself in the third person) walked away and that's when he effected the arrest for disorderly— because he (defendant) started to berate him and call him 'pig' and 'son of a bitch'."

The arresting officer testified that the reason for defendant's arrest was his refusal to obey the officer's direction as to where he should park his car and the use of profanity directed at him. The City, in its brief, however, argues that the conviction should be affirmed, not because of the words spoken, but because of defendant's conduct, in that he attempted to resist arrest by fleeing and that this resistance created a clear and present danger of a breach of peace within the meaning of the ordinance.

OPINION

■■ Defendant initially argues that one cannot be found guilty under section 193—1 of the Municipal Code of Chicago [1] for the use of coarse or vulgar language. Plaintiff rejoins by asserting that the conviction

---

[1] Municipal Code of Chicago, ch. 193, § 1(b):
"(b) Does or makes any unreasonable or offensive act, utterance, gesture or display which, under the circumstances, creates a clear and present danger of a breach of peace or imminent threat of violence; * * *."

stemmed, not from the abusive language, but from defendant's flight. A review of the record indicates that the complaint signed by the arresting officer does not allude to the defendant's fleeing, rather, it alleges that defendant committed the offense of disorderly conduct in that he "(b) did or made any unreasonable or offensive act, utterance, gesture or display which, under the circumstances, creates a clear and present danger of a breach of peace or imminent threat of violence; * * *." Plaintiff, in its brief, correctly argues that no one has the right to flee when placed under arrest, no matter how unwarranted, and that running away is tantamount to resisting arrest under section 7—7 of the Illinois Criminal Code[2] (Ill. Rev. Stat. 1971, ch. 38, par. 7—7; *People v. Carroll,* 133 Ill.App.2d 78, 272 N.E.2d 822). However, defendant here was not charged with resisting arrest and furthermore, based upon the language of the complaint, the testimony adduced at the hearing and the finding of the trial judge, we believe that defendant's arrest and finding of guilty of disorderly conduct resulted not from resistance to arrest, but rather from the obscene language directed to the arresting officer and the possible effect on the gathered observers. Therefore, we will address ourselves to this point.

■■ The disorderly conduct ordinance has been construed to prohibit only that conduct tending to cause public disorder or to disturb the public peace and quiet. (*City of Chicago v. Perez,* 45 Ill.2d 258, 260, 259 N.E.2d 4; *City of Chicago v. Hopson,* 131 Ill.App.2d 591, 593, 266 N.E. 2d 363.) We find no such disturbance or disorder here. Even though a number of people gathered to observe what was transpiring between defendant and the arresting officer, the record reveals that no evidence was introduced and no reference was made to the effect of defendant's conduct on the bystanders. In the absence thereof, we can only conclude that defendant's conduct did not produce an imminent threat of violence or breach the public peace.

Offensive language addressed to an officer does not, in and of itself, create a disturbance of the peace. This principle, recognized in Illinois, was reaffirmed in *Landry v. Daley,* 288 F.Supp. 183, 187 (N.D. Ill. 1968):

> "It is well established that arguing or disputing with a policeman is not per se disorderly conduct or a breach of the peace. The

---

[2] Ill. Rev. Stat. 1971, ch. 38, par. 7—7:
"(a) A person is not authorized to use force to resist an arrest which he knows is being made either by a peace officer or by a private person summoned and directed by a peace officer to make the arrest, even if he believes that the arrest is unlawful and the arrest in fact is unlawful."

Illinois Appellate Court has described the duty of a police officer in dealing with a citizen as follows:

'An officer of the law must exercise the greatest degree of restraint in dealing with the public. He must not conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct. It may be of such a character or so provoked or conditioned as to be fully justified. City of Jacksonville v. Headen, 48 Ill.App. 60; Pinkerton v. Verberg, 78 Mich. 573, 44 N.W. 579, 7 L.R.A. 507; Heath v. Hagan, 135 Iowa 495, 113 N.W. 342.

\* \* \*

It is apparent from this statement of the law that words addressed to an officer in an insolent manner do not without any other overt act tend to breach the peace because it is the sworn duty and obligation of the officer not to breach the peace and beyond this to conduct himself so as to keep others from so doing.'"

Since we find no evidence of overt acts by defendant tending to breach the peace, we hold there was no violation of the ordinance in question. We must, however, condemn the abusive manner in which defendant addressed the arresting officer and we, as was the arresting officer, are appalled at defendant's language. Nevertheless, for the reasons stated, we cannot sanction the punishment imposed and, therefore, reverse the judgment of the trial court.

Reversed.

DRUCKER, P. J., and LORENZ, J., concur.