THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL SLATON, Defendant-Appellant.

(No. 74-183;

Fifth District—December 24, 1974

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William J. Scott, Attorney General, of Springfield, and Walter E. Moehle, State's Attorney, of Nashville (James B. Zagel and Roger L. Longtin, Assistant Attorneys General, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant was convicted of disorderly conduct in violation of section 26—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat., ch. 38, par. 26—1(a)(1)), before the circuit court of Madison County and fined $25 plus $25 costs with a $5 credit for 1 day served in jail. Defendant contends that he was not proved guilty of violating the statute beyond a reasonable doubt. The statute reads in pertinent part:

"(a) A person commits disorderly conduct when he knowingly:
(1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace; * * *."

■■ Although, under most circumstances, the statute probably does not require that a breach of the peace actually occur as a result of defendant's conduct, the relationship between the alleged conduct and the public order must be clearly shown. The reasons for this are stated in the statute's Committee Comments: The statute is broad by nature because an "[a]ctivity of this sort is so varied and contingent upon surrounding circumstances as to almost defy definition." (Ill. Ann. Stat., ch. 38, § 26—1, at 596 (Smith-Hurd 1970).) Therefore, the statute cannot clearly describe the conduct prohibited and this requires an arresting police officer to exercise somewhat wide discretion in determining the unreasonableness of the conduct. Further, the Committee Comments state:

"The type of conduct alone is not determinative, but rather culpability is equally dependent upon the surrounding circumstances." (Ill. Ann. Stat., ch. 38, § 26—1, at 596 (Smith-Hurd 1970).)

The Comments conclude that the emphasis must be on the unreasonableness of the conduct and "its tendency to disturb." (Ill. Ann. Stat., ch. 38, § 26—1, at 596 (Smith-Hurd 1970).) Thus, the relationship between the alleged conduct and the public order, or the right of others not to be molested or harassed, is crucial in determining the necessity of criminal sanction. In *City of Chicago v. Perez*, 45 Ill.2d 258, 260, 259 N.E.2d 4, the court held that defendants' refusal to end the "sit-in" protest demonstration in a public welfare office at closing time was not disorderly conduct because "it did not cause any public disorder or breach of peace." Citing *Perez*, the court in *City of Chicago v. Hopson*, 131 Ill. App.2d 591, 266 N.E.2d 363, held that a remark (probably profane) directed by the defendant to a police officer on a public street did not tend to disturb the public's order.

■■ Where mere words constitute the offending conduct, the United States Supreme Court has placed an additional requirement on this relationship, that is, the words must be "fighting words." *Lewis v. City*

*of New ·Orleans,* 415 U.S. 130, 39 L.Ed.2d 214, 94 S.Ct. 970. The court held that words, although "vulgar or offensive" (415 U.S. 130, 134, 39 L.Ed.2d 214, 219, 94 S.Ct. 970, 973), cannot be prohibited unless they " 'by their very utterance inflict' injury or tend to incite an immediate breach of the peace.' " 415 U.S. 130, 133, 39 L.Ed.2d 214, 219, 94 S.Ct. 970, 972.

In the present case, the relationship between the spoken words and the public order is very tenuous. The record indicates that the words spoken under these circumstances were not of the nature to evoke a violent response, especially from a police officer presumably trained to preserve the public order. (*Oratowski v. Civil Service Com.,* 3 Ill.App.2d 551, 561, 123 N.E.2d·146.) There the court held that "[a]n officer of the law must exercise the greatest degree of restraint in dealing with the public. He must not conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct." Here, the defendant, while working under the supervision of a police officer, felt he was being treated unfairly and stated, according to the officer, that "the son of a bitches are picking on me and I have done enough·work for today and I'm not going to do any more work and you-can go * * * yourself and everybody else on the property and * *·* [I am] * * * getting sick and tired of it." This complaint was made to the officer outside the immediate presence of others. Defendant displayed no physical conduct threatening a breach of the peace, and the officer testified that he was not provoked to such a breach. Defendant's statements indicate that he did not expect violence but expected to be, and in fact was, returned to his cell. There is not one iota of proof that the words uttered by defendant inflicted injury or intended to invite an immediate breach of the peace.

Because we find that the defendant was improperly convicted under the statute, we need not discuss defendant's contention that the statute is unconstitutional.

■■ Thus we hold that the state did not prove the elements of disorderly conduct as required by the statute, and we reverse.

Judgment reversed.

EBERSPACHER and CARTER, JJ., concur.