THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES P. KELLSTEDT, Defendant-Appellee.

(No. 74-222; )

Third District—June 12, 1975.

84

Michael Mihm, State's Attorney, of Peoria, for the People.

James P. Kellstedt, *pro se*.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by the People of the State of Illinois from an order entered by the Circuit Court of Peoria County granting the defendant's motion to dismiss the complaint.

After a sworn complaint was signed by one Ada M. Foreman, defendant James P. Kellstedt was charged with the offense of disorderly conduct, pursuant to section 26—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 26—1(a)(1)). The statute reads in pertinent part:

"(a) A person commits disorderly conduct when he knowingly:
(1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace; * * *."

The complaint charged that the defendant:

"committed the offense of disorderly conduct in that said Defendant did knowingly use abusive language in a loud voice, namely 'God Damn Son of a Bitch', among other words, while on a public street, being the 400 block of Main Street, City of Peoria, Illinois, in such an unreasonable manner as to alarm and disturb Ada M. Foreman and provoke a breach of the peace."

The issue presented for review is whether the complaint sufficiently alleged the offense of disorderly conduct. We think it did not, and accordingly affirm the order of dismissal.

In *City of Chicago v. Wender*, 46 Ill.2d 20, 23, 262 N.E.2d 470, our supreme court in construing an analogous Chicago ordinance said:

"The offense of disorderly conduct 'embraces a great variety of conduct destroying or menacing public order and tranquility. It includes not only violent acts but acts and words likely to produce violence in others.' (*Cantwell v. Connecticut*, 310 U.S. 296, 308, 84 L.Ed. 1213, 1220, 60 S.Ct. 900; see *United States v. Woodard* (7th Cir. 1967), 376 F.2d 136, 141.)"

See *People ex rel. Village of Melrose Park v. Scheck*, 42 Ill.App.2d 117, 191 N.E.2d 645, in which the court indicated that abusive language coupled with unreasonable conduct was sufficient evidence of the offense of disorderly conduct. The Committee Comments to section 26—1 in Smith-Hurd Annotated Statutes state that "the type of conduct alone is not determinative, but rather culpability is equally dependent upon the

surrounding circumstances." It is essential that the offender knowingly engage in some activity in an unreasonable manner which he knows or should know would tend to disturb, alarm or provoke others. Ill. Ann. Stat., ch. 38, § 26—1, Committee Comments. (Smith-Hurd 1970).

Moreover in a recent case (*People v. Slaton*, 24 Ill.App.3d 1062, 1063, 322 N.E.2d 553, 554) the Illinois appellate court, relying on the Committee Comments, concluded that "the relationship between the alleged conduct and the public order, or the right of others not to be molested or harassed, is crucial in determining the necessity of criminal sanction." The court held that a remark (probably offensive) directed by the defendant, a prisoner, to a police officer did not tend to provoke a breach of the peace.

Additionally, where the public order has allegedly been disturbed by words alone, although vulgar or offensive, the United States Supreme Court has required "fighting words"—

" 'those * * * which by their very utterance inflict injury or tend to incite an immediate breach of the peace.' " *Lewis v. City of New Orleans*, 415 U.S. 130, 132, 39 L.Ed.2d 214, 218, 94 S.Ct. 970.

■■ Here the complaint does not state that the alleged words were addressed to the complainant or in her presence or were, for that matter, in the immediate presence of other members of the public so as to provoke a breach of the peace. Nor does it appear that under these circumstances the words spoken were sufficient to create a violent response. No charge is made that the defendant engaged in physical conduct tending to disturb the public order. In short, the relationship between the alleged conduct and the public order is insufficient to charge a criminal offense.

The prosecution has relied on *People v. Sims*, 393 Ill. 238, 66 N.E.2d 86 (statutory charge of taking immoral, improper and indecent liberties with a child), and *People v. Battiste*, 133 Ill.App.2d 62, 272 N.E.2d 808 (unlawful use of weapons), both of which contain general statements on the requirements of pleading a criminal complaint or indictment. We are in accord with the general statements set forth in these cases but believe they offer no support respecting the People's position in the instant appeal. Neither case involved a disorderly conduct charge, and thus, both are inapposite.

The People further contend the complaint in the case at bar is very similar to the complaint in *People v. Raby*, 40 Ill.2d 392, 399, 240 N.E.2d 595, *cert. denied*, 393 U.S. 1083, which was held to sufficiently allege the offense of disorderly conduct. *Raby*, however, involved the act of "(collecting) in a crowd or body for unlawful purposes * * *." Such conduct cannot be equated with the allegations made here.

For the reasons stated we hold that the complaint failed to allege the offense of disorderly conduct. The Circuit Court of Peoria County properly dismissed the complaint.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.