THE CITY OF EAST PEORIA, Plaintiff-Appellee, *v.* VIRGINIA MOUSHON, Defendant-Appellant.

Third District   No. 76-259

Opinion filed February 4, 1977.

Safford, West, Tornow, Radley & Mathers, of Peoria, for appellant.

Carl F. Reardon, of East Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant Virginia Moushon appeals from convictions for disorderly conduct and resisting arrest in violation of two municipal ordinances.

According to the evidence adduced at the jury trial, defendant ran over a neighbor child's tricycle as she was backing her car into the driveway next to her home. The neighbor, Mrs. Bohannon called the police, and Officer Gerald White responded to the call. While Officer White was talking to Mrs. Bohannon at the end of the driveway, defendant came out of her house carrying a baseball bat and said something which White could not hear. He asked her to put the bat down, and she responded, "No, I'm not going to put it down. I am going to bash your head in."

Defendant eventually went inside after White asked for her driver's license, and then White and another officer walked up the driveway to inspect the car and tricycle. Defendant came to her front door and told the policemen to get off her property. Defendant refused to go back into her house when ordered to by White, and continued to yell and threaten the policemen. By this time other persons had come out of neighboring houses and were watching the confrontation. White then told defendant she was under arrest for disorderly conduct.

Defendant ran back into the house and shut the door. White and another officer followed her inside and succeeded in handcuffing her after a struggle during which she kicked and fought the officers and screamed to her 10-year-old son, "Bite the policeman, kick him, find the bat, hit him." During the ride to the police station, defendant had to be physically restrained, and she screamed that she was going to kill every policeman in East Peoria and would kill her neighbors. Defendant was charged with violating the city ordinances which prohibited disorderly conduct and resisting arrest.

At trial defendant appeared *pro se*. After hearing the testimony of Officer White, defendant, and other witnesses, the jury returned verdicts of guilty on both charges. The court fined defendant $65 plus $10 costs on the resisting arrest conviction, and $15 plus $10 costs on the disorderly conduct conviction. Defendant's post-trial motion was denied, and this appeal followed.

Defendant contends that the ordinances are unconstitutional, that one jury instruction was erroneous, and that the verdicts were against the manifest weight of the evidence.

Defendant first asserts that the disorderly conduct ordinance is unconstitutional on its face because it is too vague and indefinite to give reasonable notice of the prohibited conduct to those who wish to avoid its penalties, and also it fails to apprise judge and jury of standards for the determination of guilt, thus violating the requirements of procedural due process under the fourteenth amendment to the United States Constitution and article I, section 2 of the Illinois Constitution. Defendant also contends that the ordinance is overly broad and impermissibly restricts freedom of speech in violation of the first and fourteenth amendments to the United States Constitution and article I, section 2 of the Illinois Constitution.

■■ We note that defendant did not raise the overly broad issue in the trial court. Since that question was not ruled upon by the trial court, it cannot be raised for the first time on appeal. (*People v. Eubank* (1970), 46 Ill. 2d 383, 263 N.E.2d 869.) Defendant's post-trial motion did allege that the ordinance was unconstitutional on grounds of vagueness, so we may

assume that the trial court considered that issue in denying the motion. *Watson v. Chicago Transit Authority* (1st Dist. 1973), 12 Ill. App. 3d 684, 688, 299 N.E.2d 58, 61.

The East Peoria ordinance provides:

> "DISORDERLY CONDUCT: BREACH OF PEACE: It shall be unlawful for any person to engage in any violent, tumultuous, offensive or disorderly conduct; by threatening, traducing, quarreling, challenging to fight or fighting; or by using obscene, offensive, profane or unseemly language to the annoyance, disturbance or vexation of another; or to be guilty of any conduct calculated to breach the peace."

Defendant relies upon *Landry v. Daley* (N.D. Ill. 1968), 280 F. Supp. 968, where the disorderly conduct ordinance of the City of Chicago was held unconstitutional on grounds of vagueness. Among the ordinance provisions discussed in the Landry opinion were those prohibiting "any improper noise" or "disturbance" and loitering without a reasonable excuse, which were all held to be unconstitutionally vague. Defendant argues that the East Peoria ordinance is similarly invalid because it fails to give proper guidelines to policemen charged with enforcing its provisions.

■■ As plaintiff points out, defendant does not claim that *her* constitutional rights were violated by enforcement of this ordinance, but rather seeks to assert the rights of others. Quite obviously defendant's conduct—loudly threatening to bash in the investigating officer's head, accompanied by brandishment of a baseball bat, together with yells and screams which attracted a crowd of onlookers—came within proscriptions of the ordinance which were not unduly vague. The rationale for allowing a litigant to assert the rights of third parties rests on the premise that unduly vague statutory language may have a "chilling effect" on protected speech and conduct. In *Young v. American Mini Theatres, Inc.* (1976), 427 U.S. 50, 49 L. Ed. 2d 310, 96 S. Ct. 2440, the Supreme Court noted that a litigant may not assert the rights of others if the deterrent effect on legitimate expression is not both real and substantial and if the statute is readily subject to a narrowing construction by the State courts.

■■ We believe the plain language of the ordinance prohibits violent, tumultuous, offense,[1] or disorderly acts that are accompanied either by "threatening, traducing, quarreling, challenging to fight or fighting," or by "obscene, offensive, profane or unseemly language." Admittedly, vulgar

---

[1] We interpret "offensive" to mean "making attack," "aggressive," and "relating to or designed for attack." See Webster's New Collegiate Dictionary 797 (1974).

or profane words are not alone sufficient to permit criminal prosecution unless thay are "fighting words." (*People v. Kellstedt* (3d Dist. 1975), 29 Ill. App. 3d 83, 329 N.E.2d 830; *People v. Slaton* (5th Dist. 1974), 24 Ill. App. 3d 1062, 322 N.E.2d 553.) Here, a violation occurs only when such language accompanies violent, tumultuous, offensive or disorderly physical actions. Consequently, we cannot say that the ordinance is so vague as to have a real and substantial deterrent effect on legitimate expression.

Considered in its entirety, the ordinance as interpreted defines the prohibited conduct in sufficiently precise terms to meet the requirements of procedural due process, and we do not find the ordinance unduly vague.

Defendant also contends that the resisting arrest ordinance is unconstitutionally vague. That ordinance provides:

> "RESISTING ARREST: It shall be unlawful for any person to knowingly or wilfully resist an arrest which he knows is being made by a police officer, or by a private person summoned and directed by a police officer to make an arrest, even if he believes that the arrest is unlawful and the arrest is in fact unlawful."

Defendant cites *Landry v. Daley* (N.D. Ill. 1968), 280 F. Supp. 968, which held a similar Chicago ordinance to be unconstitutionally vague; however, the ordinance was not limited to resisting arrest, but instead prohibited any interference with a police officer "discharging his duty" as an officer.

■■ The ordinance here is patterned after section 7—7 of the Illinois Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 7—7), which prohibits the use of force to resist an arrest, and section 31—1 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 31—1), which prohibits a person from knowingly resisting or obstructing a peace officer performing any authorized act within his official capacity. The Illinois Supreme Court has held that these two statutes must be construed together and that resistance to an unlawful arrest by a known police officer is a violation of section 31—1. (*People v. Locken* (1974), 59 Ill. 2d 459, 322 N.E.2d 51). The court upheld section 31—1 against an attack for vagueness (*People v. Raby* (1968), 40 Ill. 2d 392, 240 N.E.2d 595), and so did the same Federal district court which invalidated the Chicago ordinance (*Landry v. Daley* (N.D. Ill. 1968), 280 F. Supp. 938, 960). Applying the ruling in *Raby* to the East Peoria ordinance, we construe the ordinance to proscribe only some physical act which may impede, hinder, interrupt, prevent or delay an arrest made by a police officer or made at his direction. So interpreted, the ordinance is not unconstitutionally vague.

■■ Defendant also argues that this ordinance is overly broad, but this argument was not advanced in the trial court and, as we noted earlier, may not be raised for the first time on appeal.

Defendant next asserts that the City's jury instruction no. 10, defining the elements of the offense of resisting arrest, was fatally defective because it failed to include intent or knowledge. The ordinance specifically required that the act be done "knowingly or wilfully." The record discloses that defendant did not object to instruction no. 10 either at the conference on instructions or in her post-trial motion, and thus any error was waived. In any event, defendant's own testimony established conclusively that she knowingly and wilfully resisted Officer White's efforts to arrest her. Hence, any omission in the instruction was not reversible error. *People v. Truelock* (1966), 35 Ill. 2d 189, 220 N.E.2d 187.

Finally, defendant contends that the verdicts of guilty were against the manifest weight of the evidence. The City's burden of proof was that of a clear preponderance of the evidence and not proof beyond a reasonable doubt. (*City of Chicago v. Mayer* (1974), 56 Ill. 2d 366, 308 N.E.2d 601.) After reviewing the record, we conclude that there was ample evidence to support the verdicts, and in fact, a jury could not reasonably have reached any other verdict.

Accordingly, we affirm the judgments of conviction of the Circuit Court of Tazewell County.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.