THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* DEAN MATEJA, Defendant-Appellant.

.First District (5th Division)    No. 76-1058

Opinion filed January 27, 1978.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Following a bench trial, defendant was convicted of disorderly conduct in violation of section 193—1(a) of the Chicago Municipal Code (Chicago, Illinois, Municipal Code 1977, ch. 193, §193—1(a)) and was fined $100. On appeal he contends that: (1) his conduct was not sufficient to sustain his conviction, and (2) the fine imposed was excessive.

The following pertinent evidence was adduced at trial.

*For the State*

*Ethel Morris*

She is a teacher at Bogan High School. On March 23, 1976, she was seated at her desk in her division room, where the daily attendance is taken and other business is conducted. In the presence of approximately 29 students, defendant, who seemed excitable, threw a "sign-out" card the length of her desk and demanded that she sign it. She asked what it was, and he repeated his demand. After she signed the card and said she would give it to his counselor, he snatched it from her desk and said, "Mrs. Morris, you're an asshole." She then went to the telephone and called for a security officer. Defendant stood in the doorway of the classroom, continued to curse, and said that she could not do anything to him because he had been kicked out of school. Meanwhile, the division had been dismissed and students from other divisions crowded around him. The security officer arrived, and defendant was taken to the discipline office.

On cross-examination, she admitted that although she saw the sign-out card passing rapidly across her desk, she did not actually see defendant throw the card.

*Defendant Dean Mateja on his own behalf*

On March 23, 1976, he went to his division room at Bogan High School. Because he was being dismissed from school he had a "drop" card, which he tossed onto his teacher's desk. He told her to sign him out and that the card was going to Miss Banks, his counselor. When Miss Morris said that she would keep it and give it to Miss Banks, he said that he would take it to her right now. As he was walking out of the classroom with the card, he heard Miss Morris calling the disciplinarian and the security guard. He turned and looked at her, called her an "asshole," and said, "what's this supposed to prove, you already got me kicked out of high school." He said this in a tone of voice that was slightly different than the one he normally used. He said nothing else to his teacher, and did not swear at her any further. Although other students were passing by him, there was no gathering caused by what he had said. He was taken to the principal's office, and was kept there until the police arrived and took him to the police station.

OPINION

■■■ Defendant first contends that his actions were not sufficient to sustain his conviction for disorderly conduct.

Section 193—1(a) of the Municipal Code of the City of Chicago (Chicago, Illinois, Municipal Code 1977, ch. 193, §193—1(a)) provides that:

> "A person commits disorderly conduct when he knowingly:
>> (a) Does any act in such unreasonable manner as to provoke, make or aid in making a breach of peace."

In a quasi-criminal case such as this, the City need only prove defendant guilty by a clear preponderance of the evidence. (*City of Chicago v. Robinson* (1975), 32 Ill. App. 3d 149, 336 N.E.2d 158.) The municipal ordinance in question prohibits only that conduct which tends to cause public disorder or to disturb the public peace and quiet. (*City of Chicago v. Perez* (1970), 45 Ill. 2d 258, 260, 259 N.E.2d 4, 5.) The State correctly asserts that whether a violation of the ordinance has occurred is determined by the reasonableness of the conduct in relation to the surrounding circumstances. *City of Chicago v. Morris* (1970), 47 Ill. 2d 226, 264 N.E.2d 1.

■■ Stressing that the incident took place in a high school, the State argues that since defendant's language might have disturbed the students surrounding him and incited them to disorder, his conduct was sufficient to sustain the conviction. We disagree. Vulgar or abusive language does not evolve into a crime simply because people standing nearby stop, look and listen. (*People v. Douglas* (1975), 29 Ill. App. 3d 738, 742-43, 331 N.E.2d 359, 363.) Although the evidence adduced at trial was conflicting as to whether defendant's conduct caused a crowd to gather, there was no showing that his behavior led to any disturbance or disorder. Since it cannot be determined from the record whether defendant's conduct had any effect whatsoever on surrounding bystanders, we cannot find that his conduct was such that tended to cause disorder or breach the public peace and quiet. *People v. Gentry* (1977), 48 Ill. App. 3d 900, 363 N.E.2d 146; *City of Chicago v. Blakemore* (1973), 15 Ill. App. 3d 994, 305 N.E.2d 687.

Based on the foregoing, we must reverse defendant's conviction for disorderly conduct. We need not reach his second contention that the fine imposed was excessive.

Reversed.

SULLIVAN, P. J., and MEJDA, J., concur.