THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROGER ELLIS, Defendant-Appellant.
Fifth District    No. 5—85—0416

Opinion filed March 12, 1986.

Howard B. Eisenberg, of Southern Illinois University, of Carbondale, for appellant.

John Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, and Joseph J. Ciaccio, Sr., of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The defendant, Roger Ellis, was convicted of disorderly conduct by the circuit court of Jackson County sitting without a jury. Defendant was sentenced to probation. The only issue on appeal is whether defendant was proved guilty beyond a reasonable doubt.

The facts are not in dispute. Wilma and John Ewing, owners of the Ace Hardware Store in Murphysboro, were in their store at approximately 6:45 p.m. on December 15, 1984, when they heard defendant, who was facing the street, shout obscenities at someone across the street. Defendant then tore some Christmas decorations from posts supporting the canopy over the sidewalk in front of the store. Defendant's speech was slurred and he appeared to be leaning

on the posts. No customer was in the store at that time, and the Ewings' store was the only one open. The Ewings remained in the store approximately 20 feet from the front door. Defendant, who made no attempt to enter the store or direct obscenities to the Ewings, remained approximately eight feet from the front door. Although there is a lock on the front door, the Ewings made no attempt to lock the door. The Ewings called the police and signed a complaint against the defendant. Mrs. Ewing testified that she was scared during the time defendant was swearing and tearing the Christmas decorations.

■ Section 26—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 26—1(a)(1)), under which defendant was prosecuted, provides:

"A person commits disorderly conduct when he knowingly:

(1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace."

■ The general trend of the cases has been for courts, with varying rationale, to give a narrow construction to the offense. (*People v. Trester* (1981), 96 Ill. App. 3d 553, 555, 421 N.E.2d 959, 960.) Although, under most circumstances, the statute probably does not require that a breach of the peace actually occur as a result of defendant's conduct, the relationship between the alleged conduct and the public order must be clearly shown. (*People v. Slaton* (1974), 24 Ill. App. 3d 1062, 1063, 322 N.E.2d 553, 554.) A city ordinance very similar to the Illinois statute in question has been construed to prohibit only that conduct tending to cause public disorder. (*People v. Justus* (1978), 57 Ill. App. 3d 164, 166, 372 N.E.2d 1115, 1117.) Where mere words constitute the offending conduct, the United States Supreme Court in *Lewis v. City of New Orleans* (1974), 415 U.S. 130, 39 L. Ed. 2d 214, 94 S. Ct. 970, has placed an additional requirement on this relationship, that is, the words must be "fighting words." In the case at bar, however, defendant's words were combined with the action of tearing the decorations. This court believes that defendant's actions, while probably committed in an intoxicated condition, would alarm or scare any reasonable person in the proximity of defendant. The actions of defendant in tearing the decorations from their posts were sufficient to provoke a breach of the peace. The fact that the Ewings called the police rather than utilizing self-help in stopping defendant's destruction does not eliminate the fact that a breach of the peace occurred.

■ Defendant has cited numerous cases in which a disorderly conduct conviction has been reversed. In many of these cases, a police

634

officer was the only person in the vicinity when defendant performed the irrational acts. (See, *e.g., People v. Justus* (1978), 57 Ill. App. 3d 164, 372 N.E.2d 1115; *People v. Douglas* (1975), 29 Ill. App. 3d 738, 331 N.E.2d 359.) A peace officer by virtue of training is in a different position than an ordinary citizen. "An officer of the law must exercise the greatest degree of restraint in dealing with the public. He must not conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct." (*People v. Justus* (1978), 57 Ill. App. 3d 164, 167, 372 N.E.2d 1115, 1117.) Therefore, cases such as *Justus* are factually inapposite to the case at bar.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

Affirmed.

KASSERMAN, P.J., and JONES, J., concur.