*In re* P.S. (The People of the State of Illinois, Petitioner-Appellee, v. P.S., Respondent-Appellant).

Fourth District   No.4—86—0162

Opinion filed September 24, 1986.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Linda Welge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

The minor respondent, P.S., admitted the offenses of theft and burglary as alleged in a petition and supplemental petition to vacate his court supervision. The court sentenced the minor to 20 months' probation.

The Champaign County State's Attorney filed a petition to revoke the minor's probation on December 10, 1985. The petition alleged the offenses of disorderly conduct (Ill. Rev. Stat. 1983, ch. 38, par. 26—1(a)(1)) and harassment by telephone (Ill. Rev. Stat. 1983, ch. 134, par. 16.4—1). The allegation of disorderly conduct was based upon an incident in which the minor respondent exposed his sex organ to a woman while both were at a car wash in Rantoul.

On February 5, 1986, the minor respondent indicated he was willing to admit to disorderly conduct, while the State agreed to dismiss the harassment by telephone charge. The court admonished the minor concerning the import of stipulating to the charge and as to possible disposition. The court accepted the minor's admission and stipulation and ultimately ordered him committed to the Department of Corrections, Juvenile Division.

On appeal, the minor respondent argues that his actions at the Rantoul car wash did not constitute disorderly conduct, making the charge against him void. We disagree.

Section 26—1(a)(1) provides:

"(a) A person commits disorderly conduct when he knowingly:

(1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace ***." Ill. Rev. Stat. 1983, ch. 38, par. 26—1(a)(1).

The minor respondent urges that the above-quoted provision does not proscribe the conduct in which he engaged. In support of this contention, respondent cites revisory committee comments to the effect that provisions dealing with prostitution, public indecency, and obscenity had been removed from the definition of disorderly conduct and covered in other sections of the Criminal Code of 1961 (Ill. Ann. Stat., ch. 38, par. 26—1 (Smith-Hurd 1977)). The minor respondent also relies heavily upon *In re Tucker* (1976), 45 Ill. App. 3d 728, 359 N.E.2d 1067, which held that a minor could not be prosecuted for disorderly conduct on the basis of acts which would constitute public indecency were the minor over age 17. Ill. Rev. Stat. 1973, ch. 38, par. 11—9.

■ We agree with the present respondent and the appellate court in *Tucker* that the minor respondent could not be prosecuted for public indecency because he is not "of the age of 17 years and upwards." (Ill. Rev. Stat. 1983, ch. 38, par. 11—9.) However, we reject the *Tucker* court's conclusion that a minor in the present respondent's position cannot be prosecuted under section 26—1(a)(1) for exposing himself to another in public. The law is well established that conduct may be proscribed by different statutory provisions, thus giving the prosecutor discretion to choose among the provisions in charging a particular

defendant. (*People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462.) Although it may be true that certain offenses were intended to be prosecuted as public indecency rather than disorderly conduct, it does not follow that actions which the disorderly conduct statute proscribed should not be prosecuted under that provision simply because those actions might constitute public indecency under other circumstances.

■ Moreover, the public-indecency law requires proof of elements different from those required to convict of disorderly conduct. The latter statute requires that a person knowingly commit an act in an unreasonable manner which alarms or disturbs another and provokes a breach of the peace. The statute proscribing public indecency, by contrast, forbids "lewd exposure of the body" by a person 17 years of age or older, "done with intent to arouse or to satisfy the sexual desire of the person." (Ill. Rev. Stat. 1983, ch. 38, par. 11—9(a)(3).) At a minimum, the public-indecency statute pertaining to the respondent's conduct requires the State to prove two additional elements: (1) that the actor was 17 years of age or older; and (2) that the exposure was made with intent to arouse or satisfy the sexual desire of the respondent. Public indecency is more difficult to prove and carries greater punishment upon conviction than does disorderly conduct. We hold that it was proper for the legislature to define two separate offenses covering the conduct at issue in this case.

■ The minor respondent does not argue that his conduct in exposing himself was not done unreasonably so as to alarm or disturb another, nor that his conduct did not provoke a breach of the peace as that term is understood within the context of disorderly conduct. The facts to which the respondent stipulated support a finding that he violated the right of others in the car wash to be free from molestation or harassment. (*People v. Kellstedt* (1975), 29 Ill. App. 3d 83, 329 N.E.2d 830.) Since the respondent's conduct fell within the parameters of that which the disorderly conduct statute proscribed, he cannot be heard to complain that he should have been charged under another statutory provision—particularly since his conduct does not constitute public indecency.

We find no merit in the respondent minor's contentions. Accordingly, we affirm the order of the circuit court.

Affirmed.

WEBBER and GREEN, JJ., concur.