THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
TERRY JOE WYANT, Defendant-Appellee.

Third District   No. 3—87—0491

Opinion filed June 29, 1988.

Larry VanDerSnick, State's Attorney, of Cambridge (Gerald P. Ursini, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:
The trial court granted the defendant's motion to dismiss the charge of criminal trespass to land brought against him (Ill. Rev. Stat. 1987, ch. 38, par. 21—3(a)). The State appeals.
The agreed statement of facts shows that the defendant and the

complainant were previously married. In their divorce, the complainant received sole and exclusive possession of the marital home. However, pending sale of the home, title remained in joint tenancy.

Subsequent to the divorce, the defendant was charged with criminally trespassing on the marital property. He then filed a motion to dismiss, contending that because he was still a joint owner of the property, he was not "upon the land .*** of another" as required by the criminal trespass statute. Following arguments on the motion, the trial court granted it, dismissing the trespassing charges against the defendant.

On appeal, the State argues that the trial court erred in granting the motion to dismiss, because although the defendant retained a joint interest in the property, only the complainant had the right to possess it.

■ We note, as do the parties, that there are no Illinois cases deciding the instant issue. In support of its position, the State cites *People v. Jones* (1986), 145 Ill. App. 3d 835, 495 N.E.2d 1371, and *People v. Schneider* (1985), 139 Ill. App. 3d 222, 487 N.E.2d 379. In *Jones*, the defendant husband deliberately damaged his wife's car during the pendency of their divorce. The husband argued that because he had an ownership interest in the car, he had not committed criminal damage to property, which requires that the offender knowingly damage "any property of another without his consent" (Ill. Rev. Stat. 1985, ch. 38, par. 21—1(a)). Relying on *Schneider* and the legislature's intent, we found that the term "property of another" must be read to impose criminal responsibility on a person who damages another's interest in property, regardless of whether ownership in the property is shared. Our rationale was that a person does not have the right, by virtue of part ownership, to harm the interest of another in that property. *Jones*, 145 Ill. App. 3d 835, 495 N.E.2d 1371.

We find *Jones* and *Schneider* unpersuasive in the instant case. Here, the defendant did no damage to the joint property interest of his ex-wife. He merely entered upon the property in which he had an equal interest. Accordingly, the fundamental rationale for holding Jones and Schneider criminally accountable is not present.

■ The basic purpose of the criminal trespass statute is to prevent violence or threats of violence, the legislature having determined that when a person refuses to leave another's property after he has been ordered to do so, a threat of violence becomes imminent. (*People v. Goduto* (1961), 21 Ill. 2d 605, 174 N.E.2d 385.) Further, the statute recognizes a landowner's right to protect his property interests. *Goduto*, 21 Ill. 2d 605, 174 N.E.2d 385.

A joint tenant entering his own property does not present the inherent threat of violence to his co-owners as does an interloper who refuses to leave. Further, a co-owner generally has no protectable interest in preventing joint tenants from entering their jointly owned property. In instances where a contractual right prevents a cotenant from entering property or where a divorce decree grants exclusive possession, the civil courts provide relief. We find nothing in the criminal trespass statute indicating that the legislature intended to impose criminal sanctions for the instant conduct. *People v. Flanagan* (1985), 133 Ill. App. 3d 1, 478 N.E.2d 666.

The judgment of the circuit court of Henry County is affirmed.

Affirmed.

HEIPLE and BARRY, JJ., concur.