THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD MOULTON, Defendant-Appellee.

Third District    No. 3—95—0787

Opinion filed July 16, 1996.

William Poncin, State's Attorney, of Macomb (John X. Breslin and Rita Kennedy Mertel (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Robert P. Nolan (argued), of De Kalb, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Defendant Richard Moulton was charged with home invasion (720 ILCS 5/12—11 (West 1994)), aggravated battery (720 ILCS 5/12—4(a) (West 1994)) and attempted criminal sexual assault (720 ILCS 5/8—4; 5/12—13(a)(1) (West 1994)). Defendant's motion to dismiss the home invasion charge was granted on the basis that it failed to state an offense. See 725 ILCS 5/114—1(a)(8) (West 1994). The State appeals, contending that the charge was improperly dismissed. We affirm.

Section 12—11 of the Criminal Code of 1961 (the Code) states in part:

"Home Invasion. a) A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place *of another* when he or she knows or has reason to know that one or more persons is present or he or she knowingly enters the dwelling place of another and remains in such dwelling until he or she knows or has reason to know that one or more persons is present and
    ***
(2) Intentionally causes any injury to any person or persons within such dwelling place." (Emphasis added.) 720 ILCS 5/12—11 (West 1994).

In this case, the information charged that on July 30, 1995, the defendant:

"not a peace officer acting in the line of duty, knowingly, and without authority, entered the dwelling of Deborah Moulton, *** having reason to know Deborah Moulton to be present within that dwelling and intentionally caused injury to Deborah Moulton in that he struck her in the face with his fist, and did then and there, thereby, commit the offense of HOME INVASION in violation of Chapter 720, Section 5/12—11 of the Illinois Compiled Statutes."

The marriage between the defendant and the victim, Deborah Moulton, had been dissolved on March 7, 1995. Under the terms of a marital settlement agreement, Deborah was granted exclusive possession of the marital residence until March of 1997, at which time it was to be sold and the proceeds divided evenly between the parties. However, the defendant and Deborah retained joint legal title to the residence. On March 30, 1995, a plenary order of protection was entered prohibiting the defendant from entering or remaining in the marital residence. That order was in effect on the date of the alleged offenses.

In dismissing the home invasion charge, the trial court ruled that a joint owner of a dwelling place could not be charged with

home invasion. The court principally relied upon this court's decision in *People v. Wyant*, 171 Ill. App. 3d 306, 525 N.E.2d 591 (1988), which affirmed the dismissal of a charge of criminal trespass to land brought against a joint tenant who trespassed on marital property after exclusive possession had been granted to the complainant.

On appeal, the State contends that dismissal was improper because the information stated an offense, notwithstanding the fact that the dwelling referred to in the charging instrument may have been owned by the defendant. The State argues that the purpose of a motion to dismiss is to test the sufficiency of the *allegations* in the charging instrument, not the sufficiency of the *evidence*, and the merits of a case are not to be decided "within the vacuum of a motion to dismiss." Alternatively, the State maintains that *Wyant* is distinguishable from this case and does not require dismissal of the home invasion charge.

■ When an information is challenged before trial, it must strictly comply with the pleading requirements set forth in section 111—3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/111—3 (West 1994)). *People v. Hughes*, 229 Ill. App. 3d 469, 592 N.E.2d 668 (1992). "Section 111—3(a) demands that the charging instrument be in writing, stating the name of the offense and the relevant statutory provision violated, setting forth the nature and elements of the offense and the date and county in which the offense occurred, and naming the accused if known or a reasonably certain description." *People v. Meyers*, 158 Ill. 2d 46, 51, 630 N.E.2d 811, 815 (1994). An information that fails to set forth the nature and elements of the crime sought to be charged does not state an offense and is subject to dismissal. *People v. Wilder*, 219 Ill. App. 3d 437, 579 N.E.2d 948 (1991). To vest a court with jurisdiction in a criminal case, the information must charge the accused with a crime (*People v. Ikpoh*, 242 Ill. App. 3d 365, 609 N.E.2d 1025 (1993); if the facts alleged may all be true but nevertheless fail to constitute an offense, the charge is insufficient (*People v. Latham*, 13 Ill. App. 3d 371, 299 N.E.2d 808 (1973)). A trial court determines the sufficiency of a charging instrument as a matter of law and our review of that determination is *de novo. People v. Smith*, 259 Ill. App. 3d 492, 631 N.E.2d 738 (1994).

In this case, the trial court found that the home invasion statute did not apply to defendant because he was a co-owner of the dwelling that he was charged with invading. In other words, the court ruled that even if the allegations contained in the information were true, they failed to state an offense. Under such circumstances, dismissal of the information was proper *if* a co-owner of a dwelling is not subject to prosecution under the home invasion statute.

In *People v. Wyant*, the defendant and the complainant had been married, and the complainant had received exclusive possession of the marital home when they were divorced. However, pending sale of the home, the title remained in joint tenancy. Defendant was charged with criminally trespassing on the marital property (Ill. Rev. Stat. 1987, ch. 38, par. 21—3(a)). The trespass statute provided that it was an offense to enter upon the land "of another" after receiving notice that entry was forbidden. In affirming dismissal of the complaint, this court stated that the purpose of the statute was to prevent violence or threats of violence, and we noted that a "joint tenant entering his own property does not present the inherent threat of violence to his co-owners as does an interloper who refuses to leave." Furthermore, "where a divorce decree grants exclusive possession, the civil courts provide relief." *Wyant*, 171 Ill. App. 3d at 308, 525 N.E.2d at 592.

The State maintains that, unlike the criminal trespass statute at issue in *Wyant*, the language of the home invasion statute evidences "the legislative intent to protect persons in their homes from all unauthorized entries." Although we agree that determining the legislature's intent is critical to properly construing the statute, our conclusion concerning that intent is somewhat different from that proffered by the State.

■ The cardinal rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature. *People v. Frieberg*, 147 Ill. 2d 326, 589 N.E.2d 508 (1992). In determining that intent, a court may consider not only the language of the statute, but also the reason and necessity for the law, the evil sought to be remedied, and the purposes to be achieved. *Frieberg*, 147 Ill. 2d 326, 589 N.E.2d 508. Examining the legislative history of a statute is an appropriate aid to making such a determination. See *Frieberg*, 147 Ill. 2d 326, 589 N.E.2d 508; *People v. Holt*, 271 Ill. App. 3d 1016, 649 N.E.2d 571 (1995).

■ Our examination of the legislative history of the home invasion statute reveals that, as originally proposed, the phrase "of another" was not included in the statute. See 80th Ill. Gen. Assem., Senate Proceedings, June 28, 1978, at 70 (statement of Senator Netsch) ("A person commits home invasion when without authority, he knowingly enters within a dwelling place when he knows or has reason to know that one or more persons is present ***"). During discussion of the statute, Senator Knuppel asked:

> "Well, Senator Netsch, let's suppose a husband and wife are ... are separated for one reason or another and he's staying at the hotel and they're trying to get things patched up and he goes

hunting and he gets wet and cold and his extra clothes that he wants are in the house where the ... where his wife lives and he comes to the door and she says I damn well aren't going to let you in and he says to hell with you and he breaks the glass. He's got his shotgun with him, reaches in, opens the door and goes in and she says something, throws a skillet at him and he knocks the hell out of her." 80th Ill. Gen. Assem., Senate Proceedings, June 28, 1978, at 78-79 (statements of Senator Knuppel).

Senator Netsch responded that she would "give him fifteen years." Senator Knuppel then expressed concern that the proposed statute could be used

"in instances of domestic strife where it's not really intended to be used at all and I think that therefore, it's ... it's a bad amendment and it does require more thought, it does require more refinement when you're talking about a penalty from ... from six to thirty years and the people that could be involved. He might have entered there even in ... with good intentions and then after he got in there, she had burned the meat and he had come home with his shotgun and you know, and he busts her one when she throws the skillet at him. I ... I just really ... I think it's a bad ... I think it's a bad amendment. I think it's subject to abuse. I think it needs more than what it's got to be a Class X penalty." 80th Ill. Gen. Assem., Senate Proceedings, June 28, 1978, at 79 (statements of Senator Knuppel).

After additional discussion, Senator Netsch responded:

"And I would say that while I recognize, Senator Knuppel, that there are situations of domestic strife to which perhaps this bill should not be applied, I think, in fact, they would not be then. It seems to me that if you have a, if I may use the expression, just an ordinary good old household domestic battle in which a couple of people beat one another up and break a few arms and that ... that normal kind of activity that the State's Attorney is not likely to press charges under a home invasion Statute even if the language specifically covered the set of circumstances. I think it is more likely to be a regular battery case or something of that sort." 80th Ill. Gen. Assem., Senate Proceedings, June 28, 1978, at 85-86 (statements of Senator Netsch).

Two days later, Senator Netsch made a motion to adopt a conference committee report which made "changes *** in the definition of home invasion to meet questions that were raised on the Floor by Senator Rock and Senator Knuppel." 80th Ill. Gen. Assem., Senate Proceedings, June 30, 1978, at 83 (statement of Senator Netsch). The changes Senator Netsch referred to included the addition of the phrase "of another" following "dwelling place." See 80th Ill. Gen. As-

sem., Senate Proceedings, June 30, 1978, at 85 (statement of Senator Netsch). As explained that same day by Representative Getty during proceedings in the House of Representatives, "Now we have, through the Conference Committee, made a clarification raised by some Senators that would provide that it must be the home of another so you could not commit that offense in your own home." 80th Ill. Gen. Assem., House Proceedings, June 30, 1978, at 135.

It is apparent that the legislature did not intend for the home invasion statute to apply to cases of domestic violence involving married couples. It is unclear, however, whether the statute applies in cases where, as here, the parties are recently divorced and the defendant retains an ownership, but not a possessory, interest in the dwelling.

"[C]riminal or penal statutes must be strictly construed and may not be extended in their application to cases which do not, by the strictest construction, come under their provisions." *People v. Parvin*, 125 Ill. 2d 519, 525, 533 N.E.2d 813, 815 (1988). Nothing is to be taken by intendment or implication against a defendant beyond the literal and obvious meaning of the statute. *People v. Hiatt*, 229 Ill. App. 3d 1094, 595 N.E.2d 733 (1992). The statute provides that to commit home invasion a person must enter the dwelling place *of another*. Strict construction of the statutory language requires us to find that the defendant, as a joint tenant of the property, does not fall within the scope of the statute.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

McCUSKEY and MICHELA, JJ., concur.