THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEAN L. SCOTT, Defendant-Appellant.

Second District    No. 2—94—1465

Opinion filed December 3, 1996.

96

G. Joseph Weller, Steven E. Wiltgen, and Colleen M. Chang, all of State Appellate Defender's Office, of Elgin, for appellant.

Michael P. Bald, State's Attorney, of Freeport (William L. Browers and

Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

On December 15, 1993, defendant, Dean L. Scott, was charged by complaint with the misdemeanor offenses of disorderly conduct (presumably 720 ILCS 5/26—(1)(a)(1) (West 1992)) (No. 93—CM—1836) and resisting or obstructing a peace officer (resisting) (720 ILCS 5/31—1 (West 1992)) (No. 93—CM—1837). Following a bench trial on November 7, 1994, the court found defendant guilty of both offenses and sentenced him to serve concurrent terms of 18 months' conditional discharge. Defendant was ordered to serve 14 days in the county jail with day-for-day credit for the disorderly conduct offense and 7 days in the county jail without day-for-day credit for the resisting offense.

Defendant appeals, contending that the trial court erred (1) in treating as untimely (waived) defendant's challenge to the sufficiency of the disorderly conduct complaint at the close of the State's case in chief, and in otherwise denying defendant's motion to dismiss the charge as insufficient; and (2) in denying day-for-day credit against the sentence for the resisting offense. We affirm in part, as modified, and reverse in part.

The facts will not be recited here in detail except as they are needed to resolve the issues raised on appeal. The charges of disorderly conduct and resisting or obstructing a police officer arose from an incident at the Freeport high school on December 15, 1993. Sergeant Michael Hannan of the Freeport police department was patrolling at the high school parking lot when he observed several altercations between students at the school. Defendant was part of the crowd of students that had gathered to watch the altercations. In Hannan's attempt to separate the students, defendant came up to him, telling Hannan that he had no business being there and that he could not tell the students what to do. Defendant yelled at Hannan and walked in and out of the crowd, with four or five other students following him.

Two other officers arrived to assist Hannan. Hannan asked defendant several more times to leave the scene or he would be arrested. Defendant disregarded Hannan's directives and continued to yell at Hannan and the other officers. According to testimony, the officers attempted to arrest defendant. Defendant resisted, kicking and flailing his arms, while the three officers tried to handcuff him. Eventually, Hannan needed to spray capstun in defendant's face in order to handcuff him. Defendant was finally arrested and ticketed with resisting or obstructing a peace officer and with disorderly conduct.

At trial, following the State's case in chief, defendant moved for a directed finding of not guilty on the disorderly conduct charge. Defendant argued that the charge failed to state a statutory offense. The court concluded that defendant waived this issue by going to trial on the ticket rather than requesting the more specific formal information, verified complaint, or bill of particulars. Thereafter, defendant testified on his own behalf, denying the charges against him.

On November 10, 1994, the trial judge found defendant guilty of both resisting or obstructing a peace officer and disorderly conduct and was sentenced. On December 15, 1994, the court heard and denied defendant's motion to vacate the judgments or to reconsider the sentences.

On appeal, defendant first argues that his challenge to the sufficiency of the complaint at the close of the State's case should not have been deemed waived. See, *e.g., People v. Johnson*, 69 Ill. App. 3d 248, 250-51 (1979) (motion to dismiss during trial did not waive issue and stricter standard applied to determine sufficiency of charge). The State contends that defendant's challenge to the complaint was untimely because it came at the close of the State's case and should be reviewed under the more relaxed *Gilmore* standard applicable to a challenge made after trial, that is, in a motion in arrest of judgment or in an appeal. *People v. Gilmore*, 63 Ill. 2d 23, 29 (1976); see *People v. Pujoue*, 61 Ill. 2d 335, 339 (1975); 725 ILCS 5/116—2 (West 1994) (motion in arrest of judgment; applies relaxed standard). (The *Gilmore* standard is sometimes referred to as the *Pujoue* standard.) However, even in attempting to invoke the more relaxed *Gilmore* standard, the State fails to address in any meaningful way whether the complaint was sufficiently specific to charge the offense of disorderly conduct. We believe that established precedent supports defendant's position, rather than the State's.

■ Under the more lenient *Gilmore* standard, a complaint challenged in a motion for arrest of judgment or for the first time on appeal is deemed sufficient if it "apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." *Pujoue*, 61 Ill. 2d at 339; see *People v. Benitez*, 169 Ill. 2d 245, 257-59 (1996); *People v. Thingvold*, 145 Ill. 2d 441, 448 (1991).

■ When an instrument fails to state an offense, this constitutes a defect implicating due process concerns, and the defective charge may be attacked at any time. *People v. DiLorenzo*, 169 Ill. 2d 318, 321 (1996). Such a challenge to a complaint may be made before or during the trial—even at end of the State's case. *People v. Harris*, 205 Ill.

App. 3d 873, 876 (1990); *People v. Stanley*, 42 Ill. App. 3d 99, 100 (1976). Thus, section 114—1(a)(8) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114—(1)(a)(8) (West 1994)) permits a defendant to bring a motion to dismiss for the failure to state an offense both before and during trial. *Johnson*, 69 Ill. App. 3d at 251, citing *People v. Clutts*, 43 Ill. App. 3d 366, 370 (1976) (cited with approval in *Harris*, 205 Ill. App. 3d at 876).

■ ■ When the sufficiency of the complaint is attacked in the trial court either before or during trial, a court determines whether the instrument *strictly* complies with the requirements of section 111—3(a) of the Code (725 ILCS 5/111—3(a) (West 1994)). *Benitez*, 169 Ill. 2d at 257-59; *Thingvold*, 145 Ill. 2d at 448; *Johnson*, 69 Ill. App. 3d at 250-51 (strict standard applied). Under that section of the Code—insofar as it is relevant here—the charge must be in writing and allege the commission of an offense by (1) stating the name of the offense; (2) citing the statutory provision alleged to have been violated; and (3) setting forth the nature and elements of the offense charged. 725 ILCS 5/111—3(a) (West 1994); *Stanley*, 42 Ill. App. 3d at 100. The failure to allege an element of the offense sought to be charged is a fundamental defect, which renders the complaint void, and it cannot be amended as in the case of simple formal defects. *Johnson*, 69 Ill. App. 3d at 250. While a defendant may request a bill of particulars to supplement a *sufficient* charge so as to assist him in preparing his defense, a bill of particulars cannot be used to cure a void charge. *People v. Meyers*, 158 Ill. 2d 46, 53 (1994).

■ Our review of the law persuades us that defendant did not waive the issue by challenging the complaint at the end of the State's case and seeking a directed finding of acquittal. It was error for the trial court to consider his motion waived as untimely. Furthermore, the *Gilmore* standard does not apply, and the complaint must strictly comply with all of the statutory requirements of section 111—(3)(a) of the Code.

■ The "Non-Traffic Complaint and Notice to Appear," dated December 15, 1993, states the name and address of defendant, and the county, and alleges that defendant unlawfully committed there the following offense:

> "Disorderly Conduct (DESCRIBE) After being advised to leave the area several times Dean Scott then pushed officer saying he was going no where. IN VIOLATION OF SECTION 38 CHAPTER 26—1 OF THE ILLINOIS REVISED STATUTES."

This complaint is fatally defective under the strict pleading requirements of section 111—3(a) of the Code. Although it states the name of the offense and the general statutory section, it fails to specify the

subsection for the particular conduct constituting the offense and fails to specify the nature and elements of the offense with particularity. Presumably, the disorderly conduct sought to be charged was the following statutory offense:

"(a) A person commits disorderly conduct when he knowingly:

(1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace[.]" 720 ILCS 5/26—1(a)(1) (West 1992).

Although the complaint here suggests an act of defendant that could be deemed unlawful, such as a battery or obstructing a peace officer, it does not clearly and specifically articulate how the conduct of defendant was related to the elements of the offense of disorderly conduct: whether it was knowing and unreasonable, how it alarmed or disturbed another, or how it tended to provoke a breach of the peace. The statute defining disorderly conduct is broad and general in nature and may be applied to many varied activities that are criminally sanctionable depending upon the surrounding circumstances. *People v. Slaton,* 24 Ill. App. 3d 1062, 1063 (1974). A given type of conduct alone is not determinative in rendering it culpable as disorderly conduct. The relationship between the alleged conduct and the public order or the right of others not to be molested or harassed is crucial in determining the necessity of the criminal sanction. *Slaton,* 24 Ill. App. 3d at 1063. The emphasis of the culpable conduct is on its unreasonableness and its tendency to disturb (*Slaton,* 24 Ill. App. 3d at 1063) or to evoke a violent response (*People v. Kellstedt,* 29 Ill. App. 3d 83, 85 (1975)). Because the statute defining disorderly conduct is so broadly worded, the offense cannot be charged in general terms. The complaint must describe and specifically set forth the acts that constituted the offense. *People v. Oswald,* 69 Ill. App. 3d 524, 528 (1979). The charge must contain specific factual allegations that the particular conduct was knowing and unreasonable and state, at least minimally, some connection between the conduct and its tendency to disturb the public order or to elicit a violent response or a breach of the peace. *Kellstedt,* 29 Ill. App. 3d at 85.

Here, the complaint does not even track the language of the statute, much less does it identify the elements of the offense. It alleges arguably offensive conduct without establishing the relationship of that conduct to the statutory elements of the offense to be proved, and defendant must guess as to the relationship of that conduct to those elements in preparing his defense. We cannot condone this type of pleading. We conclude that the complaint is fatally defective, and it was error for the trial court to deny defendant's motion. The remedy in such a case is to reverse the conviction without a remand. *Stanley,* 42 Ill. App. 3d at 102.

■ Next, defendant argues that the trial court erred in denying defendant day-for-day credit on the seven-day sentence for the resisting offense. Under the County Jail Good Behavior Allowance Act, as a reward for good behavior while confined in jail, a defendant may be entitled to a credit of one day against each day of the sentence served in the county jail unless he is subject to an exception. See 730 ILCS 130/1 *et seq.* (West 1994). One such exception that bars a defendant from receiving the credit is if the defendant "inflicted physical harm upon another person in committing the offense for which he is confined." 730 ILCS 130/3 (West 1994). Here, the evidence in the record is insufficient to show that anyone was physically harmed for purposes of this statute. In construing the term under the statute, physical harm has been deemed synonymous with *bodily* harm. *People v. Wenkus*, 171 Ill. App. 3d 1064, 1066-67 (1988). Officer Tania Alich testified that she did not receive any physical injury in the scuffle with defendant. We do not believe this case demonstrates the type of bodily harm contemplated by the statute or discussed in *Wenkus* (defendant pushed person down the stairs; she fell, hit her chin and felt pain). Defendant's sentence was stayed pending appeal. When he serves his sentence, he will qualify for the credit if he complies with the conditions of the statute.

Defendant's disorderly conduct conviction and sentence therefore are reversed. The sentence for the resisting offense is modified to allow day-for-day credit. In all other respects, the judgments of the circuit court are affirmed.

Affirmed in part as modified and reversed in part.

McLAREN, P.J., and THOMAS, J., concur.