THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LORENZO ALVARADO, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL A. GONZALEZ, Defendant-Appellee.

Second District    Nos. 2—97—1081, 2—97—1084 cons.

Opinion filed December 28, 1998.

Gary W. Pack, State's Attorney, of Woodstock (Martin P. Moltz and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Camille A. Goodwin, of Woodstock, for appellee Lorenzo Alvarado.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellee Michael A. Gonzalez.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

These appeals have been consolidated for decision. According to its jurisdictional statement, the State appeals on the basis that the trial court's orders dismissed the criminal charges against each defendant and quashed their arrests. See 145 Ill. 2d R. 604(a). After reviewing

the record, we construe the court's orders as dismissing the charges. However, the State argues only that the court erred in granting the defendants' motions to quash their arrests based on their claim that the stop or seizure was unlawful. We affirm.

In appeal No. 2—97—1081, the defendant, Lorenzo Alvarado, was originally indicted for obstructing justice on June 29, 1996, with the intent to obstruct his own prosecution by knowingly furnishing false information to a peace officer as to the defendant's own true date of birth in stating that his date of birth was May 7, 1978 (720 ILCS 5/31—4(a), (d) (West 1996)), a Class 4 felony. Defendant Alvarado has not filed an appellee's brief; to the extent necessary, we consider that appeal in accordance with the guidelines of *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976).

In appeal No. 2—97—1084, the defendant, Michael A. Gonzalez, was similarly indicted for obstructing justice on June 29, 1996, with the intent to obstruct his own prosecution by knowingly furnishing false information to a peace officer as to the defendant's own true date of birth in stating that his date of birth was August 9, 1977.

Each defendant filed a motion to dismiss the charges for the failure to state properly the elements of an offense. See 725 ILCS 5/114—1(a)(8) (West 1996). The State reduced the felony charge in each case by filing an information charging each defendant with an attempt to obstruct justice (720 ILCS 5/8—4(a), (c)(5) (West 1996)), a Class A misdemeanor. The information charged each defendant with attempted obstructing justice (citing the statutory section) with intent to commit that offense, in that the defendant "performed a substantial step toward the commission of that offense, in that he knowingly furnished false information to Brian Karr, a peace officer, as to this true date of birth, in that he related to Brian Karr that his date of birth was [a given date]." In none of the charges did the State specify with particularity the nature of the predicate arrest, prosecution, or offense involved.

Each defendant moved to quash his arrest and to suppress evidence, alleging that the officer did not have reasonable and articulable suspicion or probable cause to stop or detain the defendant. Following an evidentiary hearing, the trial court stated it was granting "both motions in each case," finding that there was no "probable cause" to make the initial stop in the first instance. The court further explained that the officers may have viewed a violation of a local ordinance and that "it is not an offense because it is not a violation of the penal statute of the state so there was no unlawful conduct by either defendant based on the initial contact" with the police.

At the defendants' combined hearing on the motions to quash,

Sergeant Brian Karr of the Crystal Lake police department testified that, on June 29, 1996, he was on duty for the annual "Gala Days" when he observed four people passing and smoking two cigarettes. One of the persons was Lisa Federson, whom Karr had known previously and who appeared to be 18 years of age. After refreshing his memory from his report, Karr stated he indicated there that all four appeared to him to be under 18 years of age. He asked Yvette Chavez how old she was. She replied that she was 17 years old, but Karr chose not to ticket her under the Crystal Lake smoking ordinance.

Karr stated he approached the group to determine if they were in violation of the smoking ordinance. The clothing and colors of Alvarado were possibly gang affiliated and attracted Karr's attention. Karr explained to the group that there was an underage smoking ordinance; that they appeared to be under the age of 18; and that he was going to check their identifications to determine if they were old enough to smoke. Karr was interested in speaking with Alvarado regarding both his gang affiliation and the smoking ordinance. Alvarado admitted he was a member of a gang, but Karr did not charge him with anything because gang affiliation was not unlawful. Karr also did not charge Alvarado with a violation of the smoking ordinance. During this encounter, none of the four individuals was placed under arrest.

Upon further cross-examination by the State, Karr testified that Gonzalez and Alvarado each held and smoked a cigarette. Gonzalez gave his date of birth as August 9, 1977. Alvarado gave his date of birth as May 7, 1978. Karr testified that the ordinance prohibited individuals under the age of 18 from smoking tobacco. After being given their ages, Karr believed that the defendants were 18 years of age. The following day, Karr determined that Alvarado and Gonzalez had given incorrect birth dates and that they were one year younger than they had stated. Gonzalez's date of birth was actually August 9, 1978, and Alvarado's was actually May 7, 1979.

Karr testified for the State. He contacted Alvarado at his residence on June 30, 1996. Alvarado admitted he did not give Karr the correct date of birth because he knew he was not supposed to be smoking. Karr testified that, based upon their actual dates of birth, each defendant was 17 years old on June 29, 1996. When Alvarado's defense counsel cross-examined Karr regarding his detaining the four people on the basis of the smoking ordinance and the possible gang affiliation, the State "vehemently" objected to the characterization "detain" and urged that there was never any "detention" of the defendants. Karr then testified that his reason for "stopping" them and obtaining the identification was because they appeared to him to be under the

age of 18 and were in violation of the smoking ordinance. During further cross-examination, Karr stated he had never seen the three individuals, other than Federson, and did not know their ages.

Alvarado's counsel first argued that the attempt charge in this case was facially defective because it did not set forth the facts constituting the offense—particularly with respect to obstructing a specific prosecution. Counsel pointed out that, on the date in question, there was no intent by the officer to apprehend or charge anyone with any offense, and the officer was merely acting on an impermissible hunch or suspicion. Counsel noted that the State denied the defendants were "detained" and thus there was no intent to apprehend the defendants, an element of obstructing justice. See 720 ILCS 5/31—4(a) (West 1996).

The State argued that the charging instrument was sufficient. The charge in each case had been amended to attempted obstructing justice, and it alleged that each defendant performed a substantial step toward the commission of that offense in furnishing false information as to his true date of birth in order to prevent his apprehension. We note that the "apprehension" element, however, is not expressly stated in the information. Gonzalez's counsel argued that all of the elements of the offense were not clearly charged and that merely furnishing false information did not constitute obstructing justice.

The State now argues in each appeal that the court erred in finding that there was an insufficient ground to make the initial investigative stop or detention and that the court's decision was manifestly erroneous. The State further argues that the trial court erroneously concluded that a local ordinance violation is not an offense for the purpose of sustaining an investigative stop.

■ The State has not clearly articulated the facts showing whether an actual stop or detention occurred. In the trial court, the State "vehemently" objected to the characterization of the police encounter as a *Terry* stop or investigative detention, yet the State now argues the contrary on appeal. Since the State is not the prevailing party below, this argument is technically waived, and we need not consider it. *People v. Holloway*, 86 Ill. 2d 78, 91 (1981) (issue raised by State for first time on appeal waived); *People v. Rose*, 191 Ill. App. 3d 1083, 1095 (1989) (State as nonprevailing party may be precluded from arguing a new theory on appeal).

■ Defendant Gonzalez concedes that the violation of a municipal ordinance may provide an officer with the basis to make an investigatory stop. See *People v. Bivens*, 163 Ill. App. 3d 472, 479 (1987) (when officer has reason to believe an ordinance has been violated, a resulting stop is based upon specific and articulable facts which, when taken

together with rational inferences from those facts, reasonably warrant that intrusion), relying on *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968). Gonzalez also argues that the proceeding below was construed as a motion to dismiss the charges (see 725 ILCS 5/114—1(a)(8) (West 1996)), because the charge did not state an offense. Furthermore, Gonzalez argues that the false statement he was alleged to have made implicated his right against self-incrimination and amounted to an "exculpatory denial" of his own misconduct; such denials have been excepted as criminally liable conduct under the Illinois obstructing justice statute. See *People v. Brooks*, 51 Ill. App. 3d 800 (1977).

Assuming, without deciding, that there was a proper investigative stop or detention implicating the constitutional safeguards against unreasonable searches and seizures, we conclude that the trial court's decision, which effectively dismissed the charges against the defendants, can be affirmed on other grounds supported by the record. See *People v. Hebel*, 174 Ill. App. 3d 1, 24 (1988). In the trial court, there was vigorous argument regarding the sufficiency of the charge against each defendant, and it is clear that the trial court took these arguments into consideration in making its rulings. We conclude that the charging instrument was fatally deficient in each instance, and we affirm the dismissal of the charges.

■ Section 31—4(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/31—4(a) (West 1996)) states in pertinent part:

"A person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he knowingly commits any of the following acts:

(a) Destroys, alters, conceals or disguises physical evidence *** [or] furnishes false information[.]"

"Apprehension" has been construed to mean a "seizure, taking, or arrest of a person on a criminal charge." *People v. Miller*, 253 Ill. App. 3d 1032, 1036 (1993). "Prosecution" is statutorily defined to mean "all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the indictment or the issuance of the information, and including the final disposition of the case upon appeal." 720 ILCS 5/2—16 (West 1996). "Offense" is statutorily defined as "a violation of any penal statute of this State." 720 ILCS 5/2—12 (West 1996).

■ When a charging instrument fails to state an offense, this constitutes a defect implicating due process concerns, and the defective charge may be attacked at any time. *People v. Scott*, 285 Ill. App. 3d 95, 98 (1996). When the sufficiency of the charge is attacked in the trial court either before or during trial, a court determines whether

the instrument *strictly* complies with the statutory pleading requirements. *Scott*, 285 Ill. App. 3d at 99; 725 ILCS 5/111—3(a) (West 1996). The failure to allege an element of the offense sought to be charged is a fundamental defect that renders the complaint void. *Scott*, 285 Ill. App. 3d at 99. If all the facts alleged may be true but nevertheless fail to constitute an offense, the charge is insufficient. *People v. Moulton*, 282 Ill. App. 3d 102, 104 (1996). A trial court determines the sufficiency of the charging instrument as a matter of law, and our review of that determination is *de novo. Moulton*, 282 Ill. App. 3d at 104.

■ The purpose of the charging instrument is to inform the accused of the nature of the charges against him so as to enable him to prepare his defense. *People v. Yarbrough*, 162 Ill. App. 3d 748, 749 (1987). It is not sufficient that an information merely set forth the name of the offense and cite the statute which defines the offense; the charging instrument must give notice of the elements of the charge and particularize it with allegations of the essential facts to enable the accused to prepare a defense which, if successful, would bar further prosecution for the same offense. *People v. Smith*, 99 Ill. 2d 467, 471 (1984).

■ A charge couched in the language of the statute is insufficient where the statute only defines the crime in general terms; in such a case the facts that constitute the crime must be specifically set forth. *Yarbrough*, 162 Ill. App. 3d at 750; see *Scott*, 285 Ill. App. 3d at 10 (failure to allege sufficiently specific facts constituting disorderly conduct). Obstructing justice by furnishing false information is an offense defined in general terms. See *People v. Lyda*, 27 Ill. App. 3d 906 (1975) (charge of obstructing justice by destroying physical evidence must describe physical evidence with particularity).

■ In this case, the information does not describe any particular prosecution for any identifiable offense that the defendant is alleged to have obstructed by furnishing the false information regarding his date of birth. Furthermore, the record shows that neither defendant was arrested or prosecuted for any offense other than obstructing justice. We believe that, in order to be sufficient, the charging instrument in this type of case must allege or make reference to some particular impending apprehension or prosecution for an identifiable or potentially chargeable offense. The lack of specificity in this case raises serious due process and double jeopardy concerns. The information in each case before us is so vague as to be virtually incomprehensible except with respect to the element of providing false information to a peace officer—conduct that by itself does not strictly constitute an offense under the obstructing justice statute.

Additionally, defendant Gonzalez argues that under *Brooks*, 51 Ill.

App. 3d 800, his furnishing a false birth date amounts to an exculpatory denial of the purported ordinance offense and that being required to give truthful information about himself would be self-incriminating. The defendant relies on the exculpatory denial exception adopted in *Brooks*, which provides that an individual may not be prosecuted for obstructing justice for falsely denying to police or investigative authorities that he was involved in a crime or that some other person was involved in a crime and that crime is inextricably connected with the charge against him. *Brooks*, 51 Ill. App. 3d at 804-05; see *People v. Toolen*, 116 Ill. App. 3d 632, 650 (1983) (recognizing limitations of exception in State's appeal of dismissal of obstructing justice charge, but finding exception inapplicable under the facts). The State has not replied to this argument.

In *Brooks*, the defendants were arrested following a shooting at a gas station. They denied that they were at the station on the date of the offense, that they had been involved in any shooting, or that they knew anything about the shooting. One denied knowledge of any gun and did not know of anybody who shot anybody. The other stated he did not shoot anyone and no one in their car shot anybody. In reversing their convictions of obstructing justice, this court concluded that the obstruction of justice statute excepts the exculpatory denials falsely made by the defendants in answer to police questioning under the circumstances. The defendants were clearly among the targets of an investigation, and truthful answers would have amounted to a confession of guilt. In so holding, the court did not exclude the possibility that under different circumstances a defendant might be in violation of the statute if his answers to police questioning went beyond the limits of his own involvement in the crime charged either directly or by accountability and therefore beyond his own denial of wrongdoing. The court observed, however, that a defendant who voluntarily agrees to make a statement does not have the privilege of intentionally misleading the police as to the crimes of others not inextricably connected with the charge against him. *Brooks*, 51 Ill. App. 3d at 805; see *People v. Jackiewicz*, 163 Ill. App. 3d 1062 (1987) (false information about another's involvement did not come within exculpatory denial exception).

We conclude that the defendants in this cause do not come within the reach of the obstruction of justice statute. The uncontroverted facts adduced at the hearing showed that the police officer approached the defendants and informed them of the underage smoking ordinance before asking them about their ages. The defendants were the targets of police questioning. In providing a false birth date, neither defendant went beyond the limits of his own direct involvement in a pos-

sible ordinance violation, and a truthful answer would have amounted to a confession of guilt. This statute has previously been judicially construed in *Brooks* to except a defendant from prosecution where the facts show he is clearly not within its purview. Thus, even if the allegations are true, the informations cannot state offenses as a matter of law. *Moulton*, 282 Ill. App. 3d at 104.

Criminal statutes must be strictly construed. *Moulton*, 282 Ill. App. 3d at 107. In *Moulton*, the reviewing court affirmed the dismissal of a criminal information charging the defendant with home invasion. Notwithstanding the State's assertion that the dismissal raised a question regarding the sufficiency of the evidence, the reviewing court nevertheless held that, as a joint tenant of the property, the defendant did not come within the scope of the home invasion statute which provided that, to commit home invasion, a person must enter the dwelling place of *another*. *Moulton*, 282 Ill. App. 3d at 107 (cited with approval in *People v. Reid*, 179 Ill. 2d 297, 315-16 (1997)); see *People v. Wyant*, 171 Ill. App. 3d 306 (1988) (reviewing court affirmed dismissal of criminal trespass charge where agreed statement of facts showed that defendant still had joint tenancy interest in marital home; he could not be held criminally liable under trespassing statute where element of offense was that he be upon the land of another).

The charge in each case is facially deficient. Furthermore, the uncontradicted facts in the record clearly show that the defendants should not be held criminally liable within the ambit of the obstruction of justice statute. We therefore affirm the dismissal of the charges against the defendants. See *Wyant*, 171 Ill. App. 3d at 308.

The judgments of the circuit court of McHenry County are affirmed.

Affirmed.

BOWMAN and RAPP, JJ., concur.