No. 2--06--0369          Filed: 10-30-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--760 |
| BRANDY D. FELTON, | ) ) | Honorable Robbin J. Stuckert, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Following a bench trial in the circuit court of De Kalb County, defendant, Brandy D. Felton, was found guilty of obstructing justice (720 ILCS 5/31--4(a) (West 2004)) and was sentenced to a two-year term of conditional discharge. Defendant argues on appeal that the State failed to prove her guilt beyond a reasonable doubt. We affirm.

Defendant was charged by a single-count indictment alleging that "with the intent to prevent the apprehension of Marcus Jones, [defendant] knowingly furnished false information to Detective John Petragallo, a police officer, as to who had possession of her vehicle." At trial, defendant's cousin, Carl King, testified that on December 4, 2004, he asked defendant if he could borrow her car for the night. Defendant picked King up at his home and they drove back to her apartment. King then left with her car. King testified that during the evening or during the early morning hours of the next day, he drove to a Road Ranger gas station. He was accompanied by his friend, Marcus, and

two other friends. While they were at the gas station, Marcus was involved in a physical altercation with the clerk. The clerk was seriously beaten. King later returned the car to defendant.

John Petragallo, a detective with the De Kalb police department, testified that he investigated the incident at the gas station. He learned that the victim and others had obtained the license plate number of the vehicle in which the suspect was traveling. Petragallo determined that the vehicle was "associated" with defendant and another individual. Petragallo and another detective, Robert Redel, interviewed defendant at her apartment. Petragallo advised defendant that they were trying to identify an individual involved in a fight at the Road Ranger gas station on the evening of December 4, 2004, or the following morning. He further advised her that the subject was seen leaving the gas station in her vehicle. Defendant responded that that could not be the case because she does not allow anybody to use her vehicle. Petragallo then informed defendant that her vehicle had been identified by its license plate number and had been observed in surveillance-camera footage. Defendant was shown a still photograph of Marcus Jones that was taken from the camera footage. Defendant indicated that she did not know the individual in the photograph and had never seen him before. Defendant insisted that she parked her car outside her apartment before she went to bed on December 4, 2004, and that it remained there all night. She allowed that because she always leaves her apartment unlocked, someone might have entered her apartment, taken her car keys, and used the vehicle without her knowledge or permission. Petragallo assured defendant that his goal was to identify the subject involved in the altercation and that other people riding in the vehicle were not in trouble. She stated again that nobody had her vehicle. Redel's testimony generally corroborated Petragallo's account of the interview.

Defendant argues that the State failed to prove her guilt beyond a reasonable doubt. A criminal conviction will not be set aside on appeal unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. People v. Collins, 106 Ill. 2d 237, 261 (1985). When a defendant challenges the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) Collins, 106 Ill. 2d at 261, quoting Jackson v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979).

Section 31--4 of the Criminal Code of 1961 (Code) provides, in pertinent part:

"A person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he knowingly commits any of the following acts:

(a) Destroys, alters, conceals or disguises physical evidence, plants false evidence, [or] furnishes false information[.]" (Emphasis added.) 720 ILCS 5/31--4 (West 2004).

Defendant was charged with furnishing false information to a police officer with the intent to prevent the apprehension of Marcus Jones. According to defendant, "the police officers testified that they were not seeking to 'apprehend' the person allegedly involved in the incident at the Road Ranger, but only to 'identify' him." Defendant contends that "[b]ecause the detectives specifically indicated that they were not trying to arrest or apprehend the unknown individual, but only to 'identify' him, the [intent] element of an obstructing justice offense could not possibly be met by [defendant's] conduct." Defendant's characterization of the evidence is simply not accurate. According to Petragallo's testimony, he told defendant he was trying to identify the suspect in the attack at the gas station. There is no evidence that Petragallo ever indicated to defendant whether he intended to

arrest the suspect after identifying him. Thus, although it is true that Petragallo did not tell defendant he intended to arrest the suspect, it is not true that the officers testified that they were <u>not</u> seeking to arrest the suspect or that they ever suggested to defendant that the suspect would not be arrested. Undoubtedly, defendant realized that the perpetrator of a violent attack--whom the police were seeking her help in identifying--would likely be arrested once his identity was ascertained.

Defendant next argues that the State failed to prove that she intended to prevent the apprehension of Marcus Jones, because there was no evidence that she even knew Marcus Jones. Defendant contends that in <u>People v. Alvarado</u>, 301 Ill. App. 3d 1017 (1998), this court held that to sustain a conviction of obstruction of justice for the act of furnishing false information, the State must prove that the information was furnished to prevent the apprehension or obstruct the prosecution of a specific individual for a specific offense. In fact, <u>Alvarado</u> held that in an obstruction of justice prosecution, the charging instrument "must allege or make reference to some particular impending apprehension or prosecution for an identifiable or potentially chargeable offense." <u>Alvarado</u>, 301 Ill. App. 3d at 1023. <u>Alvarado</u> states no requirement that the defendant know the identity of the person whose apprehension he or she intends to prevent. Here, the State was required to prove only that defendant furnished false information with the intent to prevent the apprehension of the individual who allegedly attacked a clerk at the Road Ranger gas station on the evening of December 4, 2004, or the following morning. Whether defendant knew that person by name or otherwise is immaterial.

Defendant maintains that the evidence might establish that she lied to protect her cousin or because she feared that she might be "found liable in some way for lending out her car." She insists, however, that "her intent with respect to a person named Marcus Jones was not established." Section 4--4 of the Code provides that "[a] person intends, or acts intentionally or with intent, to accomplish

a result or engage in conduct described by the statute defining the offense, when his conscious objective or purpose is to accomplish that result or engage in that conduct." 720 ILCS 5/4--4 (West 2004). The thrust of defendant's argument seems to be that she lied to protect herself or her cousin, but that she had no reason to protect Marcus Jones, a person whom (so far as the evidence shows) she did not know. The argument is unpersuasive. If defendant was concerned that the incident might cause problems for her or her cousin, it would be reasonable for her to conclude that the apprehension of Marcus Jones could exacerbate any such problems. Thus, the trial court could reasonably infer that defendant intended to prevent the apprehension of Marcus Jones. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the elements of obstructing justice beyond a reasonable doubt.

For the foregoing reasons, the judgment of the circuit court of De Kalb County is affirmed.

Affirmed.

BYRNE and GILLERAN JOHNSON, JJ., concur.