NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 210116-U

NO. 4-21-0116

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 28, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Schuyler County |
| KENIN L. EDWARDS, | ) | No. 16CV9 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Michael L. Atterberry, |
| | ) | Judge Presiding. |

---

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justice DeArmond and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The appellate court reversed, concluding the information, challenged prior to trial, failed to strictly comply with section 111-3(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(a) (West 2016)).

¶ 2   Following a jury trial, defendant, Kenin L. Edwards, was convicted of two Class A misdemeanors for his purported violations of an administrative rule promulgated under the Timber Buyers Licensing Act (Act) (225 ILCS 735/1 *et seq*. (West 2016)). Defendant appeals, challenging the (1) circuit court's subject-matter jurisdiction, (2) sufficiency of the charging instrument, (3) timeliness of the charges, (4) sufficiency of the evidence, and (5) jury instructions. Because we find the information, challenged prior to trial, failed to strictly comply with section 111-3(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111-3(a) (West 2016)), we reverse the circuit court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged defendant by information with two Class A misdemeanors based upon his purported violations of an administrative rule promulgated under the Act. In response, defendant filed several pretrial motions that, relevant here, sought dismissal based upon a lack of subject-matter jurisdiction and an insufficiency of the information. The circuit court rejected defendant's claim that it lacked subject-matter jurisdiction. The court also, after twice allowing the State to amend the information, rejected defendant's claim that the information was insufficient.

¶ 5        Ultimately, count I of the information charged defendant with:

"the offense of UNLAWFULLY ACTING AS A TIMBER BUYING AGENT FOR MULTIPLE LICENSED TIMBER BUYERS, in violation of SECTION 10 of ACT 735 of CHAPTER 225 of the Illinois Compiled Statutes of said State and Administrative Rule SECTION 1535.1(b) of PART 1535 of SUB-CHAPTER d of CHPATER [*sic*] I of TITLE 17, pursuant to SECTION 1535.60(a) of PART 1535 of SUB-CHAPTER d of CHAPTER I of TITLE 17, in that the said defendant knowingly acted as an authorized agent for multiple licensed timber buyers, being listed as an agent for timber buyer Trent Copelen and acted as agent for timber buyer Jonathan Luckett and represented himself as a timber buyer when attempting to enter into an agreement with Donald Cook.

Class A Misdemeanor."

Count II of the information, in turn, charged defendant with:

"the offense of UNLAWFULLY ACTING AS A TIMBER BUYING AGENT FOR MULTIPLE LICENSED TIMBER BUYERS, in violation of SECTION 10 of ACT 735 of CHAPTER 225 of the Illinois Compiled Statutes of said State and Administrative Rule SECTION 1535.1(b) of PART 1535 of SUB-CHAPTER d of CHPATER [*sic*] I of TITLE 17, pursuant to SECTION 1535.60(a) of PART 1535 of SUB-CHAPTER d of CHAPTER I of TITLE 17, in that the said defendant knowingly acted as an authorized agent for multiple licensed timber buyers, being listed as an agent for timber buyer Trent Copelen and acted as an agent for timber buyer Jonathan Luckett in selling timber to Leroy Yoder of Plainview Pallet, Tom Farris of Farris Forest Products, John Peters of River City Hardwood, Inc., Norman Hochstetler of Oak Ridge Lumber, LLC, and Michael Eichen of Eichen Lumber Company, Inc.

Class A Misdemeanor."

¶ 6 After the jury returned guilty verdicts, defendant filed a posttrial motion that, relevant here, sought entry of a judgment notwithstanding the verdict, a new trial, or an arrest of judgment based upon a lack of subject-matter jurisdiction and an insufficiency of the information. Prior to receiving a ruling on his posttrial motion, defendant filed with the supreme court a motion for supervisory order and for leave to file a petition for writ of prohibition. The supreme court denied the motion for supervisory order but allowed leave to file a petition for writ of prohibition. Following briefing, the supreme court issued a decision denying the writ. *Edwards v. Atterberry*,

2019 IL 123370, ¶ 27, 131 N.E.3d 500. The court's majority concluded the writ was not warranted as defendant failed to establish the normal appellate process would not afford an adequate remedy or would cause him irremediable harm. *Id.* ¶¶ 6-26. Justice Kilbride, joined by Justices Burke and Neville, dissented, believing defendant was entitled to relief to remedy a "clear injustice," that injustice being the fact defendant was convicted of regulatory offenses which do not exist based upon charged conduct not criminalized by the regulations cited in the information. *Id.* ¶¶ 28-43.

¶ 7         The circuit court, following the supreme court's resolution and its receipt of another posttrial motion from defendant, denied all pending posttrial motions. Defendant filed a motion to reconsider the rulings on his posttrial motions, which the court denied. The court sentenced defendant to two concurrently-imposed terms of one-year court supervision and two $100 fines. Defendant filed postsentencing motions, which the court denied.

¶ 8         This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10         At the outset, we must address defendant's challenge to the circuit court's subject-matter jurisdiction. Defendant contends, because the State did not cite to a statute criminalizing his purported violations of an administrative rule in the information, the circuit court lacked subject-matter jurisdiction. The State disagrees, asserting its failure to cite the applicable statute is not a jurisdictional defect. The issue of whether a circuit court had subject-matter jurisdiction presents a question of law, which we review *de novo*. *McCormick v. Robertson*, 2015 IL 118230, ¶ 18, 28 N.E.3d 795.

¶ 11         "Subject matter jurisdiction refers to a court's power to hear and determine cases of the general class to which the proceeding in question belongs." (Internal quotation marks omitted.) *People v. Castleberry*, 2015 IL 116916, ¶ 12, 43 N.E.3d 932. Except for the power to

- 4 -

review administrative action, the circuit courts subject-matter jurisdiction "is conferred entirely by our state constitution." (Internal quotation marks omitted.) *In re Luis R.*, 239 Ill. 2d 295, 300, 941 N.E.2d 136, 140 (2010). Our constitution provides the jurisdiction of the circuit courts extends to "all justiciable matters except when the Supreme Court has original and exclusive jurisdiction\*\*\*." Ill. Const. 1970, art. VI, § 9. Accordingly, "[t]o invoke the circuit courts subject[-]matter jurisdiction, a party need only present a justiciable matter, *i.e.*, a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." (Internal quotation marks omitted.) *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 35, 32 N.E.3d 553.

¶ 12        In this case, defendant's contention that the circuit court lacked subject-matter jurisdiction focuses on the State's failure to cite to a statute in the information criminalizing his purported violations of an administrative rule. That is, defendant does not dispute the existence of a statute which makes a violation of an administrative rule promulgated under the Act a Class A misdemeanor (225 ILCS 735/11(a) (West 2016)) but rather asserts the State's failure to cite that statute in the information prevented the court from obtaining subject-matter jurisdiction. The supreme court has made clear, however, "jurisdiction is not conferred by information" and, therefore, a defect in an information "does not deprive the circuit court of jurisdiction." *People v. Benitez*, 169 Ill. 2d 245, 256, 661 N.E.2d 344, 350 (1996). Thus, the State's failure to cite to a statute in the information criminalizing defendant's purported violations did not preclude the circuit court from obtaining subject-matter jurisdiction. Defendant has not presented any other argument to support his contention that the circuit court lacked subject-matter jurisdiction.

¶ 13        We turn next to defendant's challenge to the sufficiency of the charging instrument. Defendant contends, because the State did not cite to the statute criminalizing his purported

violations of an administrative rule in the information and because he raised the issue prior to trial, the information failed to strictly comply with the statutory pleading requirements and reversal is required. The State disagrees, asserting the information "sufficiently alerted defendant that he was accused of criminally violating the [Act] and the administrative regulations created pursuant to the [Act]," or, alternatively, its failure to cite the applicable penalty statute did not require reversal as it did not result in any prejudice. The issue of whether a charging instrument was legally sufficient presents a question of law, which we review *de novo*. *People v. Carey*, 2018 IL 121371, ¶ 19, 104 N.E.3d 1150.

¶ 14 "A criminal defendant has a fundamental right to be informed of the nature and cause of criminal accusations made against him." *Id.* ¶ 20; see U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. In Illinois, this right is implemented by section 111-3 of the Code (725 ILCS 5/111-3 (West 2016)), which sets forth specific pleading requirements for a criminal charge. *Carey*, 2018 IL 121371, ¶ 20. In relevant part, section 111-3(a) requires any criminal charge to (1) "[state] the name of the offense," (2) "[cite] the statutory provision alleged to have been violated," and (3) "[set] forth the nature and elements of the offense charged." 725 ILCS 5/111-3(a)(1) to (a)(3) (West 2016). Where, as here, a charging instrument is challenged in a pretrial motion, "the charging instrument must strictly comply with the requirements in section 111-3(a)." *Carey*, 2018 IL 121371, ¶ 21. If the charging instrument does not, the proper remedy is "a dismissal of the charging instrument or, if a trial has wrongly proceeded, a reversal of the defendant's conviction." *Benitez*, 169 Ill. 2d at 258-59.

¶ 15 In this case, we find, consistent with rationale of the dissent in *Edwards*, the information failed to strictly comply with section 111-3(a) of the Code (725 ILCS 5/111-3(a) (West 2016)). First and foremost, the information, as defendant argues and the State concedes,

failed to cite the statutory provision (225 ILCS 735/11(a) (West 2016)) making any violation of an administrative rule promulgated under the Act a Class A misdemeanor. Absent that citation, we find the information failed to strictly comply with the requirement that it "[cite] the statutory provision alleged to have been violated." 725 ILCS 5/111-3(a)(2) (West 2016). In so finding, we reject the State's assertion, an assertion made without any citation to supporting authority or reasoned argument, that the failure to cite a statutory provision alleged to have been violated will nevertheless strictly comply with section 111-3(a)(2) if the information "sufficiently alerted" the defendant that he violated a statutory provision. See *Edwards*, 2019 IL 123370, ¶ 31 (referring to the State's failure to cite the statutory penalty provision as a "fundamental defect").

¶ 16 Moreover, although not succinctly argued by defendant on appeal, the information, despite alleging violations of the administrative rule found in section 1535.1(b) of Title 17 (17 Ill. Adm. Code 1535.1(b) (2003)), did not allege defendant committed the single regulatory offense described therein, "buying timber without a timber buyer's license," nor did it allege conduct prohibited by the plain language of section 1535.1(b), namely: (1) failing to be listed with the Department of Natural Resources as an authorized buyer to represent the timber buyer license; (2) failing to designate in all contractual arrangements that the licensee is the timber buyer; (3) being "listed" as an authorized buyer on more than one timber buyer's license; or (4) applying for a timber buyer's license before reaching the age of 18 years. See *Edwards*, 2019 IL 123370, ¶ 34-39. Absent such allegations, we find the information failed to strictly comply with the requirements that it "[state] the name of the offense" and "[set] forth the nature and elements of the offense charged." 725 ILCS 5/111-3(a)(1), (a)(3) (West 2016); see also *People v. Alvarado*, 301 Ill. App. 3d 1017, 1023, 704 N.E.2d 937, 941 (1998) ("If all the facts alleged may be true but nevertheless fail to constitute an offense, the charge is insufficient.").

¶ 17        Because the information failed to strictly comply with section 111-3(a) of the Code (725 ILCS 5/111-3 (West 2016)), we find the circuit court's judgment must be reversed. That is, we reject the State's suggestion that we can avoid reversal by conducting an inquiry into the prejudicial effect of the information's noncompliance. Our supreme court has made clear such an inquiry is not appropriate when a challenge to the sufficiency of a charging instrument is raised in a pretrial motion. See *Benitez*, 169 Ill. 2d at 258 ("[W]here the sufficiency of a charging instrument is challenged before trial in a motion to dismiss, the rule requiring that a defendant show prejudice *** does not apply."). In fact, the only authority cited by the State in support of its position, *People v. Dismore*, 33 Ill. App. 3d 495, 497-99, 342 N.E.2d 151, 153-54 (1975), involved a challenge to the sufficiency of a charging instrument raised for the first time on appeal. Because we find the circuit court's judgment must be reversed, we need not consider defendant's other challenges raised on appeal.

¶ 18                        III. CONCLUSION

¶ 19        We reverse the circuit court's judgment.

¶ 20        Reversed.